# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ROBERT H. BRAVER, for himself )
and all individuals similarly situated, )
                                   )
            Plaintiff, )
                                   )    Case No. CIV-17-0383-F
-vs- )
                                   )
NORTHSTAR ALARM SERVICES, )
LLC, a Utah Limited Liability )
Company, et al., )
                                   )
            Defendants. )

# ORDER

Defendant Yodel Technologies, LLC moves to stay this action. Doc. no. 175. Plaintiff Robert H. Braver responded for himself and the class, objecting to the stay. Doc. no. 185. Yodel filed a reply brief. Doc. no. 188. For the reasons stated in this order, the motion for a stay will be denied.

This is the second time Yodel has asked this court to stay this action pending action by the Federal Communications Commission. In Yodel's first motion to stay, it joined a motion filed by NorthStar Alarm Services, LLC, in which NorthStar (and Yodel, by joining) argued that this action should be stayed while the FCC considered NorthStar's petition for a declaratory ruling pending before that agency. Following briefing, this court held a hearing on defendants' motion to stay on March 6, 2019. Doc. no. 108 (Tr. of March 6, 2019 hearing). At the hearing, the court considered the doctrine of primary jurisdiction under the analytical

framework approved by the court of appeals[1] and it also considered the district court's inherent power to control its own docket. Applying those doctrines, the court denied the motion, stating it reasons in detail. Tr., pp. 48-57; doc. no. 105 (minute order). Those reasons are summarized below because they remain pertinent as reasons which support denial of the current motion.

With respect to the doctrine of primary jurisdiction, the court, at the hearing in March, first considered whether the issue presented is one as to which the court should defer to the FCC because the issue is not within the conventional experience of judges. The court observed that there was no dispute in this action over how soundboard technology works or over other technical issues. The court also observed that NorthStar's petition filed with the FCC asks the FCC to do something which both regulatory agencies and courts do regularly, namely, it asks the FCC to look at statutory language and decide what that language means. Given the relative simplicity of the statutory language at issue in this action, the court believed then, and it continues to believe now, that the issue is within the conventional experience of judges.

---

[1] As set out in TON Services, Inc. v. Qwest Corp., 493 F.3d 1225 (10th Cir. 2007):

> In this circuit, a district court's decision to invoke the primary jurisdiction doctrine requires it to consider whether the issues of fact in the case: (1) are not within the conventional experience of judges; (2) require the exercise of administrative discretion; or (3) require uniformity and consistency in the regulation of the business entrusted to the particular agency. Additionally, when the regulatory agency has actions pending before it which may influence the instant litigation, invocation of the doctrine may be appropriate. There is, however, no fixed formula for applying the doctrine. Courts should consider case-by-case whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation.

493 F.3d at 1239 (citations and quotations deleted).

Next with respect to the primary jurisdiction doctrine, the undersigned considered whether the issue presented is one which requires uniformity and consistency in the regulation of a business entrusted to the FCC. The undersigned stated that this part of the analysis "gives me pause," but that it was going "to be a while before we get anything that is definitive in any national sense" from either the Tenth Circuit or the D.C. Circuit. Tr., p. 53. The court indicated its view that no matter which forum first addresses the issue presented in this action, there is no glaring discrepancy or difference between the uniformity and consistency available to the parties while this issue makes its way through these forums and their respective courts of appeals.

Finally, with respect to the primary jurisdiction doctrine, the court, at the March hearing, considered whether the issue presented requires the exercise of administrative discretion. The court found this question "a bit hollow" because the statutory interpretation required by this action is not the type of issue that suggests that discretionary leeway is appropriate. Tr., p. 54.

In addition to the court's conclusion that it should not stay this action under the primary jurisdiction doctrine, the court also found, in March, that a stay should be denied based on its inherent authority to control its own docket. The court noted that it is required to take into account Rule 1 of the Federal Rules of Civil Procedure.[2] The court declined "to hitch [its] docket to the FCC's docket for what is very clearly an undetermined length of time." Tr., p. 56.

For all of these reasons, defendants' first motion for a stay was denied. The main difference this time around is that Yodel has now filed its own petition with

---

[2] Rule 1 provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

3

the FCC. Yodel's petition seeks a declaratory ruling regarding the application of 47 U.S.C. § 227(b)(1)(B), the portion of the TCPA which is in question in this action. Alternatively, Yodel's petition asks the FCC for a retroactive waiver of liability prior to May 12, 2017 (a type of relief not included in NorthStar's petition filed with the FCC). *See*, doc. no. 175-1 (Yodel's FCC petition). Based on the pendency of Yodel's FCC petition, Yodel makes two new arguments for a stay, addressed below.

Yodel states that "Given the prospect of the FCC proceeding to alter the liability determination in this case, Yodel therefore files this motion asking this Court to stay this case in deference to the FCC…." Doc. no. 175, p. 4. The referenced "prospect" is Yodel's hope that its FCC petition may result in (to quote the petition) an "expedited retroactive waiver of liability from the Commission for [Yodel's] use of soundboard technology prior to May 12, 2017."[3] Doc. no. 175-1, p. 3 of 14. Such a waiver, if granted by the FCC, would include the calls in question in this action.[4] Braver urges the court to reject this argument for a stay, contending that the FCC does not have the authority to provide the waiver Yodel seeks because any such waiver would constitute a waiver of statutory liability rather than a waiver of an FCC rule. Braver cites authorities such as Physicians Healthsource, Inc. v. Stryker Sales Corp., 65 F.Supp.3d 482, 498 (W.D. Mich. 2014) ("the FCC cannot use an administrative waiver to eliminate statutory liability in a private cause of

---

[3] May 12, 2017 is the date on which the Federal Trade Commission's revocation of prior guidance became effective.

[4] NorthStar was hired by Yodel in or about February of 2016. That relationship lasted until October of 2016. *See*, NorthStar's proposed undisputed fact nos. 4 and 5 in support of summary judgment (doc. no. 120, p. 12 of 39), dates not disputed in Braver's response brief (doc. no. 127, p. 8 of 38).

4

action; at most, the FCC can choose not to exercise its own enforcement power"); and Nat'l Ass'n of Broadcasters v. FCC, 569 F.3d 416, 426 (D.C. Cir. 2009) (FCC has authority under 47 C.F.R. § 1.3 "to waive requirements not mandated by statute….").[5] Yodel replies to Braver's argument, contending the FCC may grant waivers of its own rules even if the waiver involves statutory interpretation and even if the waiver may affect statutory liability. Yodel cites Simon v. Healthways, Inc., 2015 WL 10015953 (C.D. Calif. Dec. 17, 2015), which upheld the FCC's ability to grant a retroactive waiver in the circumstances of that case.[6]

It is not necessary to here resolve the parties' dispute over the FCC's authority (or lack of it) to grant Yodel a retroactive waiver of liability. It is not necessary to decide that issue because, no matter how that issue might be decided, this court would deny a stay at this juncture. Furthermore, given the parties' dispute over the scope of the FCC's authority, it is likely that the waiver issue (like other, broader issues Yodel and NorthStar have raised with the FCC) may not be determined with any nationwide certainty until the FCC has issued its ruling and any appeals of that ruling, and of this court's ruling, have run their course. For that reason and others, the court remains unwilling to tie its docket to matters pending before the FCC. The primary jurisdiction doctrine, as well as the court's inherent authority to control its own docket, support the court's decision to deny the stay at this juncture, just as those doctrines supported the court's decision to deny a stay in March.

---

[5] 47 C.F.R. §1.3 provides that "Any provision of the rules may be waived by the Commission on its own motion or on petition if good cause therefor is shown."

[6] In Simon, the court noted that, at an earlier stage of that litigation, the court had denied defendants' motion for a stay. 2015 WL 10015953 at *2. Defendants had sought the stay based on then-pending requests for a retroactive waiver from the FCC. Id.

Yodel's other new argument for a stay is its position that it filed the current motion to ensure that its rights are preserved while the FCC considers its petition. Yodel argues that in Wakefield v. ViSalus, Inc., 2019 WL 3945243 (D. Or. August 21, 2019), the court ruled that a TCPA-defendant had not preserved its defenses despite an FCC ruling in the defendant's favor, where the defendant had not previously moved for a stay or raised certain defenses before the district court. The court rejects this argument for a stay; concerns about preserving defenses may be a basis for moving to stay, but they are not a basis for granting a stay.

In addition to the two new arguments for a stay rejected above, Yodel makes a few additional arguments which were not addressed in March. Yodel argues that the court should exercise its inherent authority to stay this action: because Yodel has a reasonable likelihood of a successful resolution of its pending FCC petition; because Yodel will be irreparably harmed absent a stay because proceeding to judgment might put it out of business before the FCC has an opportunity to rule; because plaintiffs will not be unduly prejudiced by waiting until the FCC issues its ruling; and because a stay would promote the public interests of judicial economy and administrative uniformity. Doc. no. 175, p. 10. The court rejects these arguments for the reasons stated below.

Yodel's belief that it has a reasonable likelihood of success before the FCC is not persuasive. This court rejected Yodel's interpretation of the TCPA in the order on summary judgment. And even if the FCC rules in Yodel's favor on that issue, the FCC's order is virtually certain to be the subject of an appeal which will take time to resolve. As previously stated, the court declines to stay this action pending a future ruling by the FCC and associated appeals. Nor do Yodel's concerns about irreparable injury and prejudice merit a stay. These concerns relate to Yodel's ability to continue in business and are currently before the court in a

separate motion by which Yodel seeks a reduction of damages.  These concerns are best addressed in that context and are not grounds to stay this action.  The public's interest in obtaining uniform rulings also does not merit a stay.  It is unlikely that any nationwide certainty will be available on the question of §227(b)(1)(B)'s applicability to soundboard calls for quite some time.  This is so with or without a stay.

In summary, the court has considered Yodel's new arguments, as well as arguments Yodel made at an earlier stage which have now been re-stated and reconsidered.  For the reasons stated in this order and in the hearing in March, Yodel's (second) motion for a stay is **DENIED**.

IT IS SO ORDERED this 5th day of November, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0383p049.docx