# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT BRAVER, for himself and all individuals similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | Case No. CIV-17-0383-F |
| NORTHSTAR ALARM SERVICES, LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

The court has preliminarily reviewed the defendants' motions for limitation of damages (and related papers, including the combined response and the replies). Northstar's motion is at doc. no. 161 and Yodel's motion is at doc. no. 164.

Defendants request the court to determine the consequences that flow from the adjudication of their liability for their TCPA violations by reasoning backward from a predetermined financial result–which, of course, is precisely the opposite of the way the non-bankruptcy judicial process ordinarily works. But given the magnitude of the liability which would result from straight-forward imposition of liability for statutory damages in this case, the defendants may well be correct. *See*, St. Louis, Iron Mtn. & Southern Ry. Co. v. Williams, 251 U.S. 63, 66-67, where Justice Van Devanter wrote for the Court that the Due Process Clause (in that case, of the Fourteenth Amendment) is offended where the statutory penalty is "so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." Taking this passage from Williams on its own terms, the court would

be called upon to assess, in the context of the facts of this case, the severity and oppressiveness of the statutory "penalty" for the purpose of determining whether straight-forward imposition of the statutory damages on a class-wide basis would be disproportionate to the defendants' TCPA violations and thus obviously unreasonable. The overall import of Williams and its progeny is that the court is required to evaluate the matter under two general headings: (i) the defendants' financial condition and (ii) the defendants' culpability (which would include most if not all of the considerations relating to "fairness," as that concept is argued by the defendants). *See*, Northstar's motion, doc. no. 161, at 14 *et seq.*; Yodel's motion, doc. no. 164, at 13, *et seq.*; and plaintiff's response, doc. no. 178, at 17, *et seq.* (One thing that is not clear to the court at this point is whether the Due Process Clause mandates an overall cap on the defendants' liability, regardless of the degree of their culpability.) Another consideration in play is the question of whether the limitation of liability sought by the defendants (or anything close to it) would effectively render the plaintiff's victory illusory–a result which would seem to undermine the policies embodied in the TCPA.

As for financial condition, the court does have a fair amount of financial information before it. But the parties are very much at odds as to the conclusions to be drawn from that information. There is also some dispute as to the reliability of that information, at least in some respects. On the issue of culpability (a term the court uses here in a very general sense, to encompass, at least potentially, a wide range of factors), the court's uncertainty relates more to the ascertainment and application of the controlling standards than to the underlying facts.

The court has concluded that these motions should be set for hearing for the following purposes (and only these purposes): (i) receiving evidence and testimony as to the defendants' practical ability to respond in damages, and (ii) hearing argument on the motions. The court will benefit from argument both on the financial

issues and on the issue of culpability. (On the issue of culpability, the court is uneasy with the overall subjectivity of the considerations that are in play. The use of a combination of subjective factors produces a decision based on nothing more than an amalgamation of those subjective factors and hence does little or nothing to reduce the subjectivity of the ultimate result.)

The court is uncertain as to what steps (including discovery) the parties may reasonably wish to take in preparation for the hearing. Accordingly, the court will hold a scheduling conference in chambers on November 13, 2019 at 3:00 p.m. for the following purposes:[1]

1. Setting a date for a hearing to be held for the purposes set forth above.
2. Discussing what discovery (if any) needs to be taken for the purpose of enabling the parties to adequately prepare for the hearing.
3. Discussing other necessary scheduling dates, such as deadlines for listing witnesses and exhibits.
4. Discussing whether any purpose would (or might) be served by scheduling a mediation. All counsel should be prepared to discuss their clients' receptiveness to conducting a mediation in advance of the scheduled date for the hearing. The court discerns potentially compelling reasons for which both sides should seriously consider possibilities for resolution of this case.

In anticipation of the scheduling conference and the hearing to be scheduled, the court provides preliminary guidance as follows:

---

[1] Out-of-town counsel may participate by telephone by making appropriate arrangements with Courtroom Deputy Lori Gray not later than noon on November 12, 2019.

This case has been pending for a long time. In doing the scheduling contemplated by this order, the court will be mindful of the need to move this case to a conclusion without unnecessary delay.

The court is unimpressed with the defendants' suggestion that the provisions of a contract between one of them and a third party should be given controlling effect in determining the amount of the class recovery. And the court is, at least at this point, also unimpressed with the proposition that the liability of *both* defendants should be limited by the financial means of one of the two, or by the terms of an agreement between one of the defendants and a third party. To the extent, if any, that the court grants relief of the nature sought in the instant motions, it is more likely that the result will be a partial partitioning of joint and several liability.

On the broad issue of culpability, the court rejects the defendants' suggestion that the actual content of the robocall scripts is irrelevant to a reckoning of their culpability. That content may be irrelevant to the issue of liability, but it is, in the court's view, highly relevant to an assessment of culpability, because the scripts shed light on the state of mind of the defendants' management. It is one thing to have a technical violation, committed by means of communications consisting of substantive content that was truthful and otherwise benign. It is another thing to systematically violate the TCPA by means of communications that were plainly and materially deceptive.

IT IS SO ORDERED this 6th day of November, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE