# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ROBERT H. BRAVER, for himself )
and all individuals similarly situated, )
                                                               )
           Plaintiff, )
                                                             )
-vs- )    Case No. CIV-17-0383-F
                                                               )
NORTHSTAR ALARM SERVICES )
LLC, and YODEL TECHNOLOGIES )
LLC, et al., )
                                                              )
         Defendants. )

## **ORDER**

      Before the court is Northstar's motion to strike plaintiff's proposed expert witness, doc. no. 230. The court has carefully reviewed the motion and the response (doc. no. 232). The motion will be denied for the reasons set forth below.

      As an initial matter, the court rejects Northstar's reliance on the original scheduling order. That is nonsensical. The matters set for hearing on February 5 have nothing to do with the matters that were being litigated under framework established by the original scheduling order.

      For very good reasons, this matter has progressed to a hearing on Northstar's motion for limitation of damages on a compressed schedule. Consequently, there has not been time for the sequence of events which usually precedes a trial. Aside from that, it is undeniable that preparation for the hearing on Northstar's motion has been affected by the fact that it was necessary for plaintiff to file a motion to compel discovery, and the document production required by the court's order on

that motion was not accomplished until January 31, 2020. For that reason, aside from the other reasons for the compressed schedule, there has not been time for service of a rebuttal expert report. Based on Mr. Noble's status as an officer of Northstar, Northstar would not have been required to provide a Rule 26(a)(2)(B) expert report. But (assuming, which seems reasonable, that Northstar intends to elicit Rule 702 testimony from Mr. Noble) the rebuttal report provision of Rule 26 (with its allowance of thirty days) plainly applies to non-retained experts. *See*, Rule 26(a)(2)(D), referring to "*these* disclosures" (emphasis added). So, strictly speaking, plaintiffs have not violated Rule 26 requirements.

On the subject of substantial justification and harmlessness, the court, applying the *Woodworkers Supply* factors, determines that any failure (if there is such a failure) to comply with Rule 26 is both substantially justified and harmless. It is substantially justified because of the compressed schedule discussed above and because of the delay occasioned by plaintiff's need to file a motion to compel. It is harmless because Northstar was given an opportunity to cure any prejudice by taking a deposition of the expert.[1]

Any such failure is also harmless because, in this nonjury hearing, with Northstar's CEO present and testifying first (and by rebuttal, if necessary), he will be available to assist Northstar's counsel at all stages of the hearing. Northstar's financial statements say what they say, and that cannot be changed by any expert. As for any possible fact testimony, even though experts are excepted from the personal knowledge requirement of Rule 602, F.R.Evid., any facts assumed by an expert will not be taken into account unless supported by other competent evidence.

---

[1] The fact that the name of the expert has changed does not appear to cut for or against Northstar's arguments, given the fact that Northstar declined to take a deposition of the expert (by telephone or otherwise).

Aside from all of the foregoing matters, the court will assure Northstar of one other thing (and this, in the court's view, is more important than any of the foregoing): If contrary to the court's definite expectation, plaintiff's expert gives testimony to which Northstar cannot fairly be expected to respond (through its CEO or otherwise) on February 5, the court will indulge every reasonable accommodation to afford Northstar an opportunity to respond. The court will speculate that, within the range of matters which plaintiff's expert may reasonably be expected to address on February 5, there will be nothing that will come as a surprise to Northstar and its counsel.

Northstar's motion, doc. no. 230, is accordingly **DENIED**.

IT IS SO ORDERED this 3rd day of February, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0383p063.docx