# EXHIBIT 3

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiff Robert Braver ("Braver" or "Class Plaintiff"), on behalf of himself and the Class (as defined below), on the one hand, and Defendant NorthStar Alarm Services, LLC ("NorthStar"), on the other hand. The Class Plaintiff and NorthStar shall sometimes be collectively referred to as the "Parties."

Class Plaintiff and NorthStar hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), the Released Claims (as defined below) shall be forever and fully settled, compromised and released upon the terms and conditions contained herein. Claims asserted against defendant Yodel Technologies LLC ("Yodel") are not released and are not affected by this Agreement.

## 1.    RECITALS

**1.1**    On April 5, 2017, Braver filed a Complaint against NorthStar in the United States District Court for the Western District of Oklahoma in the case styled *Braver v. NorthStar Alarm Services, LLC, et al.*, Civ. No. 5:17-cv-00383-F (Doc. no. 1).

**1.2**    On June 8, 2017, Braver filed a First Amended Complaint, asserting in Count One that NorthStar violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), by making prerecorded telemarketing calls to Braver and the putative class members without their prior express consent. *See* Doc. no. 7. One of the core allegations was that telemarketing calls using soundboard technology deliver prerecorded messages to residential telephone lines.

**1.3**    On August 25, 2017, the Court granted, in part, NorthStar's motion to dismiss Plaintiff's Amended Complaint, and dismissed with prejudice any direct liability claims alleged against NorthStar, holding that any potential liability on NorthStar's part must be based on a theory of vicarious liability. Doc. no. 27, at 7.

**1.4**     On February 20, 2018, pursuant to a stipulation filed by all parties (*see* doc. no. 50), the Court entered an Order deeming the Amended Complaint and Defendants' respective Answers to the Amended Complaint to delete Count II.  *See* doc. no. 54.

**1.5**     On October 15, 2018, after a full day evidentiary hearing with experts, the Court, over NorthStar's objection, entered an order certifying the following class and subclass pursuant to Fed. R. Civ. P. 23, with respect to Count One of the First Amended Complaint:

> Class:
> All persons in the Red Dot Data marketing list for whom Yodel's records reflect a telephone call regarding Northstar's home security systems that lasted more than 30 seconds, that was handled by an agent who applied status code 20 or 50 to the call, and that resulted in the normal clearing disposition.
>
> Subclass:
> All persons in the Red Dot Data marketing list for whom Yodel's records reflect a telephone call regarding Northstar's home security systems that lasted more than 30 seconds, that was handled by an agent who applied status code 50 to the call, and that resulted in the normal clearing disposition.
>
> Excluded from the class are:
> Any persons whose contact information is associated with either an IP address or website URL in the Red Dot Data marketing list.

*See* doc. no. 72, at 26-27.

**1.6**     On January 2, 2019, NorthStar filed a Petition for Expedited Declaratory Ruling Clarifying 47 U.S.C. § 227(b)(1)(B) of the Telephone Consumer Protection Act with the Federal Communications Commission ("FCC"), asking the agency to declare that the use of soundboard technology does not constitute the use of an artificial or prerecorded voice that delivers a message under the TCPA; or, in the alternative, that the use of soundboard technology on a one-to-one basis, whereby the soundboard agent conducts only one call with an individual at a single time, does not constitute the use of an artificial

or prerecorded voice that delivers a message under the TCPA. As of the date of this Agreement, the FCC has not ruled on NorthStar's Petition.

**1.7** On January 11, 2019, the Court, pursuant to a joint motion filed by all parties (*see* doc. no. 94), entered an Order staying issuance of notice of the Court's class certification order to the class pending mediation between the parties. *See* doc. no. 95.

**1.8** On February 26, 2019, the parties conducted a full-day mediation before Judge Morton Denlow (Ret.) in Chicago, Il., which did not result in a settlement.

**1.9** On April 9, 2019, Kurtzman Carson Consultants ("KCC") disseminated notice of the Court's class certification order to the class in accordance with the Federal Rules of Civil Procedure.

**1.10** On July 16, 2019, the Court entered an Order ruling upon the parties' cross-motions for summary judgment. Doc. no. 139. The Court granted summary judgment in NorthStar and Yodel's favor on Count III of Plaintiff's Amended Complaint. *Id.* at 31. The Court granted summary judgment in Plaintiff's and the class' favor on Count I, holding that Yodel was directly liable under the TCPA for the calls it made to Plaintiff and the class, and that NorthStar was vicariously liable under the TCPA for those calls. *Id.*

**1.11** On August 23, 2019, NorthStar moved for a reduction of damages, arguing that the damages award contemplated by the TCPA would violate due process and be grossly excessive or arbitrary, in part because of the degree of NorthStar's culpability and NorthStar's inability to pay a multi-million dollar judgment. Doc. no. 161.

**1.12** On November 13, 2019, the Court entered a schedule for discovery to be conducted concerning the issues raised in NorthStar's motion.

**1.13** The Parties accordingly conducted extensive discovery into NorthStar's financial condition and Braver retained an expert witness, who reviewed NorthStar's finances and opined on NorthStar's ability to pay a judgment.

**1.14** On December 12, 2019, the Parties conducted a full-day mediation before James P. McCann in Tulsa, OK, which did not result in a settlement.

**1.15**   On March 9, 2020, the Court conducted a hearing on NorthStar's motion, at which NorthStar and Braver's expert testified concerning NorthStar's ability to pay a judgment.

**1.16**   Following the hearing, the Parties met in person to discuss settlement options and continued their negotiations over the following weeks, which resulted in this Agreement.

**1.17**   To avoid the expense and uncertainty of continued proceedings necessary to bring this matter to a final judgment, possible appeals, and the prospect of bankruptcy, the Parties desire to resolve this action, each believing the resolution is in their own best interest. The Class Plaintiff and Class Counsel believe that the terms and conditions set forth in this Agreement confer substantial benefits upon the Class and that it is in the best interests of the Class to settle as described herein.

**1.18**   This Agreement resulted from and is the product of extensive litigation, discovery, motion practice, and good faith and arm's length settlement negotiations conducted over several years, including two private mediations, and numerous telephonic and in-person negotiations.

**1.19**   Subject to Preliminary Approval and Final Approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, and subject to the remaining provisions herein, the Parties desire a full, complete, and final settlement and resolution of the Released Claims (defined below) in exchange for NorthStar's non-reversionary payment of ONE MILLION EIGHT HUNDRED FIFTY THOUSAND DOLLARS ($1,850,000) according to the schedule below.

**1.20**   The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement.

**NOW THEREFORE**, it is hereby agreed by the Parties that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a final order approving the settlement and directing the implementation of the terms and conditions of the settlement as set forth in this Agreement, the Released Claims shall be settled and compromised upon the terms and conditions contained herein.

2. <u>**DEFINITIONS**</u>

The definitions contained herein shall apply only to this Agreement and the attached Exhibits, and shall not apply to any other agreement, including, without limitation, any other settlement agreement.  Nor shall they be used as evidence, except with respect to this Agreement, of the meaning of any term.  Furthermore, each defined term stated in a singular form shall include the plural form, and each defined term stated in a plural form shall include the singular form.  As used in this Agreement, in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

2.1    **"Action"** means the claims between the Parties pending in the case styled *Braver v. NorthStar Alarm Services, LLC, et al.*, Civ. No. 5:17-cv-00383-F03877 in the United States District Court for the Western District of Oklahoma.

2.2    **"Agreement"** means this Class Action Settlement Agreement and Release, including all Exhibits hereto.

2.3    **"Approved Claim"** means a Claim Form approved by the Claims Administrator.

2.4    **"CAFA Notice"** refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

2.5    **"Claims Administrator"** means KCC, subject to approval by the Court. The Claims Administrator shall be responsible for providing the Settlement Notice as well as services related to administration of the Settlement.

2.6    **"Claim Form"** means the form Class Members must complete to be eligible to receive a Settlement Award, the proposed form of which is attached as Exhibit 1.

2.7    **"Class"** or **"Settlement Class"** means the class and subclass that that the Court certified on October 15, 2018, and, should the Court deem it to be necessary, that will be recertified for settlement purposes, defined as follows:

Class:
All persons in the Red Dot Data marketing list for whom Yodel's records reflect a telephone call regarding NorthStar's home security systems that lasted more than 30 seconds, that was handled by an agent who applied status code 20 or 50 to the call, and that resulted in the normal clearing disposition.

Subclass:
All persons in the Red Dot Data marketing list for whom Yodel's records reflect a telephone call regarding NorthStar's home security systems that lasted more than 30 seconds, that was handled by an agent who applied status code 50 to the call, and that resulted in the normal clearing disposition.

Excluded from the class are:
Any persons whose contact information is associated with either an IP address or website URL in the Red Dot Data marketing list.

2.8    **"Class Counsel"** means Keogh Law, Ltd and Humphreys Wallace Humphreys, P.C.

2.9    **"Class Member"** means any person in the Class who has not properly opted out of or is otherwise excluded from the Class.

2.10    **"Class Plaintiff"** means Plaintiff Robert Braver.

2.11    **"Court"** means the United States District Court for the Western District of Oklahoma.

2.12    **"Cure Period"** means fourteen (14) calendar days after Notice is given to NorthStar pursuant to Section **21.10** below of a delinquency in any payment identified in Section **2.38** ("Total Payment") below.

2.13    **"*Cy Pres* Distribution"** means monies that may be distributed in connection with the Settlement pursuant to Section **13.3** of this Agreement. *Cy Pres* will only be

distributed for uncashed or undeposited checks and only then if a second distribution to eligible Class Members is not feasible pursuant to Section **13.2** of this Agreement.

**2.14 "Effective Date"** means the fifth (5th) business day after the last of the following events takes place:

    **(A)**    The Parties, NorthStar's Counsel, and Class Counsel have executed this Agreement;

    **(B)**    The Court has entered, without substantially material change, the Final Approval Order; and

    **(C)**    The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

**2.15 "Escrow Account"** means a non-interest bearing checking account established at a federally insured financial institution by the Claims Administrator into which monies shall be deposited as set forth by this Agreement.

**2.16 "Final Approval Hearing"** means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of fees and costs awarded to Class Counsel and the amount of the service award to Class Plaintiff.

**2.17 "Final Approval Order"** means the order the Court enters upon finally approving the Settlement, the proposed form of which is attached as <u>Exhibit 2</u>. "Final Approval" occurs on the date that the Court enters, without substantially material change, the Final Approval Order.

**2.18 "Final Funding Date"** means the date on which NorthStar makes the last payment owed into the Escrow Account pursuant to section **10.1** of this agreement.

**2.19 "Initial Funding Date"** means June 30, 2020 - the date on which NorthStar shall cause the initial payment of $600,000 to be made to the Escrow Account pursuant to Section **10.1** of this Agreement.

**2.20**   **"Judge"** shall mean any judge of the United States District Court for the Western District of Oklahoma, including the Honorable Stephen P. Friot.

**2.21**   **"Mail Notice"** means the postcard notice that will be provided pursuant to Section **11.2(A)** of this Agreement to the Class Members, subject to approval by the Court, substantially in the form attached as Exhibit 3.

**2.22**   **"Notice and Administration Costs"** means (1) all costs of printing and providing notice to persons in the Class; (2) all costs of administering the Settlement, including, but not limited to, the cost of processing claim forms, printing and mailing Settlement Awards and other payments, and the cost of maintaining a designated post office box and/or operating the Settlement Website; and (3) the fees, expenses, and all other costs of the Claims Administrator.

**2.23**   **"Notice Deadline"** shall have the meaning set forth in **Section 9.1(C)** of this Agreement.

**2.24**   **"Opt-Out and Objection Deadline"** shall have the meaning set forth in Sections **9.1(E)** and **14.1** of this Agreement.

**2.25**   **"Parties"** means Class Plaintiff and NorthStar.  Parties, as used in this Agreement, does not include defendant Yodel.

**2.26**   **"Preliminary Approval Order"** means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached as Exhibit 4.  "Preliminary Approval" occurs on the date that the Court enters, without substantially material change, the Preliminary Approval Order attached as Exhibit 4.

**2.27**   **"Released Claims"** means all claims to be released as set forth in Section **18** of this Agreement.  Released claims does not include claims against Yodel.

**2.28**   **"Released Parties"** means and refers to Defendant NorthStar and its past and present subsidiaries and parent companies, and each of the foregoing's respective past and present officers, directors, attorneys, shareholders, predecessors, successors, trusts,

trustees, partners, associates, principals, divisions, employees, members, heirs, estates, and assigns.  Released Parties does not include Yodel.

**2.29** **"Releasing Parties"** means the Class Plaintiff and Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and any other person or entity claiming through them.

**2.30** **"Settlement"** means the settlement into which the Parties have entered to resolve the Released Claims.  The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

**2.31** **"Settlement Award"** means a cash payment that may be available to eligible Class Members pursuant to Section **12** of this Agreement.

**2.32** **"Settlement Costs"** means all costs incurred in the litigation by the Class and their attorneys, as well as all costs of administering the Settlement, and such costs shall include:  (i) any award of attorneys' fees and costs to Class Counsel approved by the Court; (ii) any incentive award to Class Plaintiff approved by the Court; and (iii) all Notice and Administration Costs.

**2.33** **"Settlement Fund"** means the total amount of ONE MILLION EIGHT HUNDRED-FIFTY THOUSAND DOLLARS ($1,850,000) to be paid by NorthStar into the Escrow Account as set forth in this Agreement.  The Claims Administrator shall make payments from the Settlement Fund according to the following schedule:

> a.  Once the Escrow Account contains funds sufficient to pay (1) Notice and Administration Costs and (2) Settlement Awards for all Approved Claims, the Claims Administrator shall within thirty (30) days pay Notice and Administration costs and send Settlement Awards to all class members who submitted an Approved Claim, in accordance with section **13.1**;

    b.  Thereafter, once the Escrow Account contains funds sufficient to pay Class Counsel any court approved costs, the Claims Administrator shall within thirty (30) days pay Class Counsel their court approved costs;

    c.  Thereafter, once the Escrow Account contains funds sufficient to pay the Class Plaintiff any court approved incentive award, the Claims Administrator shall within thirty (30) days pay Class Plaintiff that court approved incentive award;

    d.  Thereafter, the Claims Administrator shall pay Class Counsel any court approved attorneys' fees on a monthly basis until the Total Payment has been received.

    e.  Thereafter, the Claims Administrator shall make any Second Distribution if required by section **13.2**;

    f.  Thereafter, the Claims Administrator shall make any *cy pres* payment required by section **13.3**.

**2.34** **"Settlement Notice"** means any type of notice that may be utilized to notify persons in the Class of the Settlement, including one or more of the following methods: Mail Notice, Website Notice, and any different or additional notice that might be ordered by the Court.  A description of the contemplated Class Notice is provided in Section **11.2** of this Agreement.

**2.35** **"Settlement Termination Date"** means the date, if any, that any Party exercises its right to terminate this Agreement pursuant to Section **19** of this Agreement.

**2.36** **"Settlement Website"** means the website established by the Claims Administrator to aid in the administration of the settlement.

**2.37** **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated or issued under it.

**2.38** **"Total Payment"** means NorthStar's payment of ONE MILLION EIGHT-HUNDRED FIFTY THOUSAND DOLLARS ($1,850,000), which shall be made by

NorthStar into the Escrow Account according to the following schedule:  Six Hundred Thousand dollars ($600,000) by June 30, 2020; One Hundred Thousand dollars ($100,000) each by July 30, 2020, August 31, 2020, September 30, 2020, October 30, 2020, November 30, 2020, December 31, 2020, January 29, 2021, February 26, 2021, March 31, 2021, April 30, 2021, May 31, 2021, and June 30, 2021; and Fifty Thousand dollars ($50,000) by July 31, 2021.

As set forth in this Agreement, the "Total Payment" shall be used for Settlement Costs and all amounts to be paid to Class Members under this Agreement.

**2.39** **"Website Notice"** means the long form website notice provided on the Settlement Website pursuant to Section **11.2(B)** of this Agreement, substantially in the form attached hereto as Exhibit 5.

**2.40** **"NorthStar's Counsel"** means Venable LLP and Gum, Puckett & Mackechnie, Coffin & Matula, LLP.

## 3.   THE PARTIES RECOMMEND APPROVAL OF THE SETTLEMENT

**3.1** NorthStar denies all liability and disputes that any class, including the Settlement Class, is manageable or capable of certification under Federal Rule of Civil Procedure 23.  However, solely for the purposes of avoiding the expense and inconvenience of further litigation, NorthStar does not oppose the re-certification of the Settlement Class, if deemed necessary by the Court, solely for the purpose of this Settlement, or the method by which notice is provided to the Settlement Class.  Preliminary certification of the Class shall not be deemed, and shall not be, a concession that certification of a litigation class is or was appropriate, nor would NorthStar be precluded from challenging class certification in further proceedings in the Action or in any other action if the Final Approval Order is not entered or, if it is, the Effective Date does not come to pass.  No agreements made by or entered into by NorthStar in connection with the Agreement, including the use of the

method to provide notice to the Class, may be used by Class Plaintiff, any Class Member, or any other person to establish any of the elements of class certification in any litigated proceedings, to establish the elements of any claim, or to attempt to refute any defense or position of NorthStar, except in order to enforce this Agreement.

     **3.2**    Class Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports those claims.  Class Plaintiff recognizes and acknowledges, however, the expense and amount of time that would be required to continue to pursue the Action against NorthStar, including through any appeal, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims and enforcing any judgment on behalf of the Settlement Class.  Class Plaintiff has concluded that it is desirable that the Action and the Released Claims be fully and finally settled and released as set forth in this Agreement.  Class Plaintiff and Class Counsel believe that the Settlement set forth in this Agreement confers substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described herein.

## 4.    <u>SETTLEMENT PURPOSES ONLY</u>

     **4.1**    **General.**  This Agreement is made for the sole purpose of settlement of the Released Claims, on a Class-wide basis.  Except as otherwise provided herein, Settlement is expressly conditioned upon the entry of a Preliminary Approval Order and a Final Approval Order by the Court, as well as the Effective Date coming to pass.

     **4.2**    **Admissibility.**  This Agreement, any negotiations or proceedings related hereto, the implementation hereof, and any papers submitted in support of the motions for approval hereof (collectively, the "Settlement Proceedings") shall not be construed as or deemed to be evidence of any admission or concession by any of the Parties or any other Person regarding liability, damages, or the appropriateness of class treatment, and shall not be offered or received in evidence in any action or proceeding for any purpose whatsoever; provided, however, that this Agreement and the proceedings and motions submitted in connection with the Settlement may be presented to the Court in connection with the

implementation or enforcement of this Agreement, or as may be necessary or appropriate to further the purposes sought to be achieved by this Agreement.

5.   **JURISDICTION**

The Parties agree that the Court has, and shall continue to have, jurisdiction to make any orders as may be appropriate to effectuate, consummate, and enforce the terms of this Agreement, to approve awards of attorneys' fees and costs pursuant hereto, and to supervise the administration of and the distribution of money funded pursuant to this Agreement.

6.   **SETTLEMENT TERMS AND BENEFITS TO THE CLASS**

6.1   **Total Payment to Class.**   NorthStar shall pay the total sum of **ONE MILLION EIGHT HUNDRED FIFTY THOUSAND DOLLARS ($1,850,000)** to settle the Released Claims with the Class and obtain a Release of all Released Claims in favor of all Released Parties.   The Total Payment will be used to pay Approved Claims and any Settlement Costs.   Class Members will be eligible for a cash payment, the amount of which is dependent upon the number of Approved Claims.   In no event will NorthStar's payment obligations exceed the Settlement Fund.

6.2   **Amount Paid Per Class Member.**   The amount paid per Class Member shall be determined by dividing among the Class on a *pro rata* basis the amount remaining in the Settlement Fund after deducting the Settlement Costs from the Total Payment.   Any residual Settlement Funds will be distributed to a *cy pres* beneficiary pursuant to section **13.3**.

6.3   **Injunctive Relief.**   NorthStar agrees to the entry of an injunction in the Final Approval Order, permanently enjoining NorthStar from initiating any telephone call to any telephone line that delivers a prerecorded message and/or using soundboard technology to deliver a prerecorded message where the principal purpose of the telephone call is advertising or marketing NorthStar's products or services, unless the called party has provided prior express written consent to receive such calls.   Any telephone call

initiated by NorthStar in response to an alarm signal, life safety device signal, PERS signal, tamper signal, communication failure alert, or a telephone call initiated by NorthStar for the purpose of emergency verification or other similar purpose is excluded from this injunction.

## 7.   ATTORNEYS' FEES, COSTS, AND PAYMENT TO CLASS REPRESENTATIVES

**7.1   Attorneys' Fees and Costs.**  Class Counsel shall move the Court for an award of attorneys' fees and costs paid from the Settlement Fund.  The amount of attorneys' fees and costs approved by the Court shall be paid from the Settlement Fund and from no other source.   After receipt of Class Counsel's completed W-9 forms, the Claims Administrator shall pay to Class Counsel the amount of attorneys' fees and costs awarded to Class Counsel by the Court, only in accordance with the schedule set forth in section **2.33**.  Court approval of attorneys' fees and costs, or their amount, will not be a condition of Settlement.  In addition, no interest will accrue on such amounts at any time.

**7.2   Payment to Class Plaintiff.**  Class Plaintiff will also ask the Court to award him incentive payments (in addition to any *pro rata* distribution he may receive under Section **6.2**) for the time and effort he has personally invested in this Action.  After receipt of Class Plaintiff's completed W-9 forms, the Claims Administrator shall pay to Class Plaintiff the amount of any incentive payments awarded by the Court only in accordance with the schedule set forth in section **2.33**.  In addition, no interest will accrue on such amounts at any time.  Any incentive payment shall come from the Settlement Fund and from no other source.

**7.3   Settlement Independent of Award of Fees and Incentive Payments.**  The payment of attorneys' fees, costs and incentive payments set forth in Section **7.1** and **7.2** are subject to and dependent upon the Court's approval.  However, Settlement is not dependent upon the Court's approving the requests for such payments or awarding the particular amounts sought.  In the event the Court declines the requests or awards less than

the amounts sought in attorney's fees, costs and incentive payments, this Settlement shall continue to be effective and enforceable by the Parties.

8.     **CONDITIONS OF SETTLEMENT**

8.1     Except as provided in section **8.2,** performance of the obligations set forth in this Agreement is subject to all of the following material conditions:

> **(A)**     Execution of this Agreement by NorthStar and Class Plaintiff;
>
> **(B)**     Entry by the Court of the Preliminary Approval Order.
>
> **(C)**     Sending of the notices, described in Section **11** below.
>
> **(D)**     Entry by the Court of the Final Approval Order and passage of the Effective Date.

8.2     Subject to Section **19**, NorthStar's obligations to make the initial payment of $600,000 into the Escrow Account no later than June 30, 2020, and to make each subsequent payment in accordance with the schedule set forth in Section **2.38,** inure to NorthStar immediately upon the execution of this Agreement by NorthStar and Class Plaintiff and are not conditioned upon the Court's entry of the Preliminary Approval Order, the sending of Notice, the Court's entry of the Final Approval Order, or the passage of the Effective Date.  In the event of termination in accordance with Section **19.1**, funds paid into the Escrow Account will return to NorthStar only as provided in Section **19.2**.

8.3     The Parties covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers, and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties seeking review of any Order contemplated by this Agreement. Class Counsel represent and warrant that Class Plaintiff has granted them authority to take all such actions required of them pursuant to this Agreement, and that by Class Counsel doing so they are not in breach or violation of any agreement with Plaintiff or any third party.

9.    **PRELIMINARY APPROVAL OF THE SETTLEMENT**

   **9.1    Preliminary Approval Motion.**  As soon as practical after the execution of this Agreement, the Parties shall move the Court for entry of the Preliminary Approval Order substantially in the form attached as Exhibit 4.   Pursuant to the motion for preliminary approval, the Parties will request that:

   **(A)**   The Court preliminarily approve this Agreement and the Settlement reflected herein as fair, adequate, and reasonable to the Class;

   **(B)**   The Court approve the form of Class Notice and find that the notice program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

   **(C)**   The Court direct that notice be provided to the Class, in accordance with this Agreement, within twenty-one (21) days following entry of the Preliminary Approval Order (the "Notice Deadline");

   **(D)**   The Court shall establish a procedure for any class members to opt-out or object to the Settlement;

   **(E)**   The Court shall set a deadline sixty (60) days after the Notice Deadline, after which no one shall be allowed to submit claims, object to the Settlement, or exclude himself or herself, or seek to intervene (the "Opt-Out and Objection Deadline");

   **(F)**   The Court shall approve the claims process described herein for the Class;

   **(G)**   The Court shall, pending determination of whether the Settlement should be finally approved, bar and enjoin all persons in the Class, individually, and on a representative basis or other capacity, from commencing or prosecuting against any of the Released Parties in any

action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims unless they timely opt-out, except, however, no Class Member is precluded from communicating or cooperating with law enforcement or any government regulator, relating to any conduct, including any conduct addressed by the Agreement.

(H)     The Court shall, pending final determination of whether the Settlement should be finally approved, stay all proceedings between the Parties except those related to effectuating the Settlement; and

(I)      The Court shall schedule a hearing to consider Final Approval of the Settlement, which shall be scheduled no earlier than sixty (60) days after the Opt-Out and Objection Deadline.

9.2     **Stay/Bar of Proceedings**.  All proceedings between the Parties in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses against each other that are otherwise available to them in the Action except as otherwise ordered by the Court, and no person in the Class or person acting or purporting to act directly or derivatively on behalf of a person may commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims, except as otherwise ordered by the Court.  The Preliminary Approval Order will contain an injunction enjoining the prosecution of the Released Claims by any person unless and until after such person is validly excluded from the Class or is not a Class Member.  Proceedings against Yodel are unaffected by this Agreement.

**10.     PAYMENTS INTO THE SETTLEMENT FUND AND BREACH**

**10.1    The Settlement Fund.**   As full and complete consideration for the Settlement as to the Class, NorthStar will pay the Total Payment of ONE MILLION EIGHT HUNDRED FIFTY THOUSAND DOLLARS ($1,850,000) into the Settlement Fund in accordance with the Total Payment schedule and Cure Period set forth at sections **2.38 and 2.12, respectively,** to fully and completely settle the Released Claims of Class Plaintiff and the Class Members.  Under no circumstance will NorthStar be required to pay any additional amount into the Settlement Fund or otherwise in connection with the Settlement.  The Settlement Fund shall be used as described in Section **2.33**.

**10.2    Breach and Opportunity to Cure.**   In the event NorthStar fails to timely make any payment in accordance with Section **2.38**, it must cure such failure within the Cure Period.  If NorthStar fails to timely make any payment in accordance with Section **2.38** and does not cure, the entire Settlement Fund shall be immediately due and payable and no portion of the Settlement Fund shall revert to NorthStar, unless the Settlement is not approved pursuant to Section **19.1(A)**.  In addition, in the event of an action filed by Braver alleging that NorthStar failed both to make a payment in accordance with Section **2.38** and cure such breach, the losing Party shall be liable for the prevailing Party's reasonable attorneys' fees and costs incurred.

**11.     ADMINISTRATION AND NOTIFICATION PROCESS**

**11.1    Claims Administrator.**   The Claims Administrator shall administer the Settlement.  In order to disseminate the Settlement Notice, the Claims Administrator shall utilize the names and contact information that it used to send notice of the certification order, along with any updated contact information that the class members may have provided in response to that notice (the "Class List").

**11.2    Settlement Notice Program For the Class.**   The Claims Administrator shall, by the Notice Deadline, provide:

(A) **Mail Notice**.   The Claims Administrator will provide individual notice via the Mail Notice to the mailing addresses of Class Members in the Class List.  The Claims Administrator shall perform skip tracing for all returned direct mail; all costs of skip tracing will be considered Settlement Costs and paid from the Settlement Fund.  The Mail Notice shall contain a claim ID and shall direct recipients to the Settlement Website.

(B) **Settlement Website.**  The Claims Administrator will establish and maintain the Settlement Website dedicated to the Settlement, on which will be posted the Website Notice, Claim Form, a copy of this Agreement, the Preliminary Approval Order, the operative Complaint, and any other materials the Parties agree to include.  These documents shall be available on the Settlement Website beginning five (5) days following the entry of the Preliminary Approval Order and remain until all of the checks disbursed are void unless otherwise ordered by the Court.  The Settlement Website will also allow Class Members to update their contact information and to submit their claims electronically.

(C) **800 Number/IVR.**  The Claims Administrator will establish and maintain an 800 number that will answer questions concerning this Agreement, allow Class Members to request a written claim form, and allow Class Members to submit their claims telephonically.

**11.3   CAFA Notice.**  NorthStar shall be responsible for serving the CAFA notice required by 28 U.S.C. § 1715 to the Attorney General of the United States and the appropriate state officials within ten (10) days of the filing of the Preliminary Approval Motion.

## 12.    SETTLEMENT AWARDS & CLAIMS

**12.1    Awards to Class Members.**  All Class Members who Submit an Approved Claim will be entitled to a *pro rata* share of the Settlement Fund (*i.e.* a Settlement Award), which shall be paid by check or secure electronic payment, as set forth below.

**12.2    Award Estimates**.  Class Counsel shall include in the Settlement Notice a good faith estimated range for Settlement Awards.

**12.3.    Claims Process.**  To obtain a Settlement Award, Class Members must submit a valid and timely Claim Form containing (1) either a valid Claim ID or a telephone number on the Settlement Class List; (2) the Settlement Class Member's full name, mailing address, and e-mail address (if he or she has one); (3) for mailed Claim Forms, the Settlement Class Member's signature; (4) for Claim Forms submitted via the Settlement Website, the Settlement Class Member's electronic signature; and (5) for Claim Forms submitted telephonically via IVR at the 800 Number described in Section **11.2(C)**, the Settlement Class Member's digital signature (such as through a key press).  Claim Forms shall be submitted to the Claims Administrator via the Settlement Website, by mail, or telephonically at the 800 Number described in Section **11.2(C)**.  To be deemed timely, Claim Forms must be submitted via the Settlement Website or 800 Number, or postmarked no later than sixty (60) days after the Notice Deadline.

## 13.    DISTRIBUTION OF SETTLEMENT AWARDS

**13.1    Settlement Award Payments.**  Class Members who submit claims will have the option to select Settlement Awards by either check or secure electronic payment.  If no option is selected or the secure electronic payment cannot be completed, the Settlement Award shall be paid by check.  The Claims Administrator shall send each Class Member who submitted an Approved Claim their Settlement Award in accordance with the schedule set forth in section **2.33**.  The Claims Administrator will perform skip tracing and re-mailing, as necessary; all costs of such work will be considered Settlement Costs.  Checks will be valid for one-hundred twenty (120) days from the date on the check.  The amounts

of any checks that are returned as undeliverable or that remain uncashed more than one-hundred twenty (120) days after the date on the check may be eligible for the Second Distribution (as defined below).

    **13.2   Second Distribution.**   If, after (i) the expiration date of the checks distributed pursuant to Section **13.1** above, (ii) the Final Funding Date, and (iii) all other payments have been made in accordance with section **2.33**, there remains money in the Settlement Fund sufficient to pay at least ten dollars ($10) to each Class Member who was not a person who failed to cash his or her initial Settlement Award check or who did receive his or her initial Settlement Award via secure electronic payment, such remaining monies will be distributed on a *pro rata* basis to those Class Members (the "Second Distribution") via their previous selected method of receiving Settlement Awards.   The Second Distribution shall be made within sixty (60) days of the Final Funding Date and shall be paid in the same manner as the original Settlement Award.   Checks issued pursuant to the Second Distribution will be valid for one-hundred twenty (120) days from the date on the check.

    **13.3   Remaining Funds.**   Subject to the provisions in Section **2.33** herein, money in the Settlement Fund that has not been distributed following the expiration of checks issued pursuant to the Second Distribution as set forth in Section **13.2** above, including money not distributed because there is not enough money in the Settlement Fund to justify a Second Distribution (the "Remaining Funds"), shall be paid as *cy pres* agreed upon by the Parties and/or approved by the Court.   If the Parties cannot agree to the *cy pres*, the Preliminary Approval motion will advise the Court of each Party's suggestion.

## 14.   OPT-OUTS AND OBJECTIONS

    **14.1   Opt-Out Requirements.**   Persons in the Class may request exclusion from the Settlement by sending a written request to the Claims Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline. Exclusion requests must comply with the requirements set forth in the notice sent to Class

Members.  No request for exclusion will be valid unless the Class Member complies with the requirements in the notice.  No person in the Class, or any person acting on behalf of or in concert or participation with that person in the Class, may exclude any other person in the Class from the Class.

**14.2    Retention of Exclusions.**  The Claims Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties.   Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Class has properly opted out.

**14.3    Right To Object.**  Any Class Member may appear at the Final Approval Hearing to object to the proposed Settlement, but only if the Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline.  Any Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees and costs and/or incentive awards.  Further, any Class Member who intends to appear at the Final Approval Hearing must file and serve on all Parties a Notice of Intention to Appear with the Court.

**14.4    Objection Requirements.**  To be heard at the Final Approval Hearing, the Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline.  The objection must also be mailed to each of the following, postmarked not later than the last day to file the objection: (i) Class Counsel – Keogh Law, Ltd., 55 W. Monroe, Ste. 3390, Chicago, Illinois 60603; and (ii) NorthStar's Counsel Venable LLP, c/o Stephen R. Freeland, 600 Massachusetts Ave., N.W., Washington, D.C. 20001.  An objection must:

**(A)**    Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member, including providing the Claim ID, full name, address, the telephone number called, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel;

**(B)**    Include a statement of such Class Member's specific objections; and

**(C)**    State the legal and factual grounds for objection and attach any documents supporting the objection.

**14.5**    Any Class Member who objects may, but does not need to, appear at the Fairness Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.  A Class Member or his or her attorney intending to make an appearance at the Fairness Hearing must:  (i) file a notice of appearance with the Court no later than twenty (20) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties.  Any Class Member who fails to comply with the provisions of this Section **14** shall waive and forfeit any and all rights to appear separately and/or to object, and shall be bound by all the terms of this Settlement, and by all proceedings, orders, and judgments in the litigation.

## 15.    FINAL APPROVAL AND JUDGMENT ORDER

**15.1    Final Approval.**  Following completion of the Class Notice process and within thirty (30) days following expiration of the Opt-Out and Objection Period, the Parties shall request that the Court enter the Final Approval Order in substantially the same form attached as Exhibit 2, which shall specifically include provisions that:

**(A)**    Finally approve the Settlement as fair, reasonable, and adequate to the Class;

**(B)**    Find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Class, and

fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

**(C)** Find that the Class Members have been adequately represented by the Class Plaintiff and Class Counsel;

**(D)** Approve the plan of distribution for the Settlement Fund and any interest accrued thereon;

**(E)** Confirm continued certification of the Class;

**(F)** Confirm that Class Plaintiff and the Class Members have released all Released Claims that are contemplated under this Agreement and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims that are contemplated under this Agreement against the Released Parties;

**(G)** Dismiss on the merits and with prejudice all claims of the Class Members against NorthStar, but not the claims of the Class Members against Yodel, without costs to any party, except as provided in this Agreement;

**(H)** Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement, as well as the adjudication of claims against Yodel;

**(I)** Expressly determine that there is no just reason to delay the entry of a final judgment as to NorthStar only in accordance with Fed. R. Civ. P. 54(b);

**(J)** Direct entry of a final judgment as to NorthStar only in accordance with Fed. R. Civ. P. 54(b); and

**(K)** As part of that final judgment as to NorthStar, permanently enjoin NorthStar in a manner that substantially complies with Section 6.3 of this Agreement.

**16.**   **FINAL JUDGMENT AS TO NORTHSTAR ONLY**

The Judgment entered at the Final Approval Hearing shall be deemed final as to NorthStar only:

**(A)**   Thirty (30) days after entry of the Judgment approving the Settlement if no document is filed within the time seeking appeal, review, or rehearing of the judgment; or

**(B)**   If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section **15.**

**17.**   **DISMISSAL, NO ADMISSIONS, AND PUBLICITY LIMITATIONS**

**17.1   Dismissal.**   Upon entry of the Final Approval Order and Final Judgment as to NorthStar, the claims of the Class Plaintiff and the Class Members against NorthStar shall be dismissed with prejudice as to NorthStar only.  Claims against Yodel will not be dismissed and are unaffected by this dismissal.

**17.2   No Admission of Liability.**   NorthStar does not admit that Plaintiff or the proposed Settlement Class were damaged in any way, and in fact expressly denies the same.  NorthStar does not admit any liability, wrongdoing, or fault, and this Settlement should not be construed in whole or in part as an admission on the part of NorthStar of any liability, wrongdoing, or fault.  NorthStar agrees to seek approval of this Settlement to avoid the burden and expense of litigation only.

**17.3   No Admission Under Federal Rule of Evidence 408.**   Pursuant to Federal Rule of Evidence 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as may be necessary to approve, interpret, or enforce this Agreement.

**17.4    No Publicity Beyond Notice Procedures.**  Counsel and/or the Parties and their representatives will not directly or indirectly make statements of any kind to any third party, including via social media, news outlets, email lists, group chats, digital meeting platforms, etc., with the exception of the Claims Administrator, regarding the Settlement prior to filing a motion for Final Approval with the Court.  The Parties may make public statements to the Court as necessary to obtain Preliminary or Final Approval of the Settlement, and Class Counsel will not be prohibited from communicating with any person in the Settlement Class regarding the Action or the Settlement.

## 18.   <u>RELEASE OF CLAIMS</u>

**18.1**    As of the Effective Date, Class Plaintiff and the Class Members provide the following releases:

**(A)**    Class Plaintiff and each and all Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and other person claiming through any of them, will be deemed to have fully released and forever discharged the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, statutory or actual harm, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or in equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the Released Parties' contact or attempt to contact Class Members by placing pre-recorded calls to Class Plaintiff and the Class Members' phones, to the fullest extent that those terms are used, defined, or interpreted by the TCPA or any other similar statute, relevant regulatory or administrative promulgations, and case law, including, but not

limited to, claims under or for a violation of the TCPA and any other statutory or common law claim arising under the TCPA as relative to pre-recorded or auto-dialed calls placed to telephones (collectively, the "Released Claims").  The Released Claims do not include claims asserted against Yodel; all claims against Yodel being specifically preserved by both the class and NorthStar.

**(B)** **Waiver of Unknown Claims.**  Without limiting the foregoing, the Released Claims specifically extend to claims that Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the Releases, become effective.  This Section constitutes a waiver of, without limitation as to any other applicable law, including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**18.2**   Class Plaintiff and the Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542, similar laws in other states, and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Class Plaintiff and the Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**18.3    Covenant Not to Sue.**    Class Plaintiff and Class Members agree and covenant, and each Class member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise assist others in doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum. However, nothing in this Agreement is intended to or does preclude any Settlement Class Member from communicating or cooperating with law enforcement or any government regulator, relating to any conduct, including any conduct addressed by the Agreement.

## 19.    <u>TERMINATION OF AGREEMENT</u>

**19.1    Either Side May Terminate the Agreement.**    Class Plaintiff and NorthStar shall each have the right to unilaterally terminate this Agreement by providing written notice of his, her, their, or its election to do so ("Termination Notice") to all other Parties within ten (10) calendar days of any of the following occurrences:

> **(A)**    The Court's refusal to grant preliminary or final approval of the Settlement;
>
> **(B)**    The reversal or substantial modification of the Court's order granting preliminary or final approval; or
>
> **(C)**    A material alteration by the Court of any of the terms of the written settlement agreement.

**19.2    Settlement Fund Return to NorthStar.**    Except as otherwise provided herein, in the event that the Settlement is terminated pursuant to Section **19.1**, the money remaining in the Settlement Fund, less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to NorthStar within fifteen (15) days of the event that causes the Agreement to not become effective.  However, if NorthStar failed to timely make any payment in accordance with Section **10.1**, and failed to cure that breach in accordance with Section **10.2**, then no moneys shall return to NorthStar from the Settlement Fund.

## 20.    TAXES

**20.1    Qualified Settlement Fund.**  The Parties agree that the Escrow Account into which the Settlement Fund is deposited is intended to be and shall at all times constitute a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1.  The Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of Section **11**, including if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code").  It shall be the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**20.2    Claims Administrator is "Administrator."**   For the purpose of § 1.468B of the Code and the Treasury regulations thereunder, the Claims Administrator shall be designated as the "administrator" of the Settlement Fund.  The Claims Administrator shall cause to be timely and properly filed all information and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B2(k)).  Such returns shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

**20.3    Taxes Paid By Administrator.**  All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon NorthStar or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, shall be paid by the Claims Administrator from the Settlement Fund.

**20.4    Expenses Paid from Fund.**   Any expenses reasonably incurred by the Claims Administrator in carrying out the duties described in Section **11**, including fees of tax attorneys and/or accountants, shall be paid by the Claims Administrator from the Settlement Fund.

**20.5    Responsibility for Taxes on Distribution.**   Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.  Such taxes and tax-related expenses shall not be paid from the Settlement Fund.

**20.6    NorthStar Is Not Responsible.**   In no event shall NorthStar or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Class Plaintiff, Class Members, Class Counsel, or any other person or entity.

## 21.    MISCELLANEOUS

**21.1**    This Agreement shall be governed by the laws of the State of Oklahoma.

**21.2    Evidentiary Preclusion.**  In order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file the Agreement and/or the judgment in any action or proceeding that may be brought against them.

**21.3    No Construction Against Drafter.**  This Agreement was drafted jointly by the Parties and in construing and interpreting this Agreement, no provision of the Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**21.4    Entire Agreement.**   This Agreement constitutes the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.   No representations, warranties or

inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement. This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court. The provisions of the Agreement may be waived only in a writing executed by the waiving party. The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

**21.5  Authority.**  Each person executing this Agreement on behalf of any of the Parties represents that such person has the authority to execute this Agreement.

**21.6  No Assignment.**  No Party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

**21.7  Receipt of Advice of Counsel.**  Each Party acknowledges, agrees and specifically warrants that he or it has fully read this Agreement, including the Releases, and has received independent legal advice with respect to the advisability and legal effects of entering this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases. Each Party to this Agreement warrants that he or it is acting upon his or its independent judgment and upon the advice of his or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Agreement.

**21.8  Agreement Binding on Successors in Interest.**  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors, and assigns of the Parties.

**21.9    Execution in Counterparts.**  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**21.10   Notices.**  Unless stated otherwise herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax, regular mail or FedEx, postage prepaid, as follows:

<table>
<tr><td>

As to Class Plaintiff and Class:

Timothy J. Sostrin
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603

</td><td>

As to NorthStar:

Stephen R. Freeland
Venable  LLP
600 Massachusetts Avenue, NW
Washington, DC 20001

*With a copy to:*

Jared N. Parrish
General Counsel
NorthStar Alarm Services
545 E. University Parkway, Suite 500
Orem, UT 84097

</td></tr>
</table>

**21.11   Future Changes in Laws or Regulations.**  To the extent Congress, the Federal Communications Commission, or any other relevant regulatory authority promulgates materially different requirements under the TCPA, those laws and regulatory provisions do not impact this Settlement Agreement.

**21.12   Time Periods.**  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**21.13   Resolution of Disputes.**  The Parties shall cooperate in good faith in the administration of this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court or a mediator upon agreement of the Parties.

*[Signatures on Following Pages]*

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed as follows:

**CLASS PLAINTIFF:**                                             Dated: June 5, 2020

Robert Braver

**NorthStar Alarm Services, LLC**                               Dated: June 5, 2020

By: _____

Its: General Counsel
_____

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

Keogh Law, Ltd.                                                Dated: June 5, 2020

By:   Timothy J. Sostrin

Humphreys Wallace Humphreys, P.C.                  Dated: Jun 15, 2020

By:
      Paul Catalano

**NORTHSTAR'S COUNSEL**

Venable LLP                                                    Dated:   June 5  , 2020

By:   Stephen R. Freeland

## **EXHIBIT 1**

## **CLAIM FORM**

***Braver et al v. NorthStar Alarm Services, LLC,***
**USDC, Western District of Oklahoma, Case No. 5:17-cv-00383-F03877**

_____, Settlement Administrator          **Toll-Free Number: x-xxx-xxx-xxxx**
**PO Box [_____]**                               **Website: www.nsalarmtcpaclass.com**
**[_____]**

**<<mail id>>**
**<<Name1>>**
**<<Name2>>**
**<<Address1>>**
**<<Address2>>**
**<<City>><<State>><<Zip>>**

## CLAIM FORM

**To receive benefits from this settlement, you must follow these instructions.  1) Provide your full name, mailing address, and e-mail address (if you have one).  2) Provide either a valid Claim ID (which appears on the notice mailed to you) or the telephone number on which you received the telemarketing call.  3) Provide your signature. If a claim form is submitted online, you must submit an electronic signature.  4)  Your claim form must be <u>submitted on or before</u> _____, 20__.**

1.   **CLAIMANT INFORMATION:**

_____   _____   _____
First Name                Middle Name        Last Name

_____
Address 1

_____
Address 2

_____   _____   _____ - _____
City                                               State     Zip          (Optional)

_____
E-Mail Address (If Applicable

_____
Claim Id

_____
Telephone Number at Which you Received the Telemarketing Call

2.   **SIGNATURE:**

          Signature: _____

          Name (please print): _____

          Date: _____

**QUESTIONS? VISIT www.nsalarmtcpaclass.com OR CALL [_____] or Class Counsel at 866.726.1092.**

**EXHIBIT 2**

**FINAL APPROVAL ORDER**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT H. BRAVER, for himself and all individuals similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 5:17-cv-00383-F |
| NORTHSTAR ALARM SERVICES, LLC, a Utah Limited Liability Company, YODEL TECHNOLOGIES, and DOES 2-10, UNKNOWN INDIVIDUALS, | ) ) ) ) ) | |
| Defendants. | ) | |

## **[PROPOSED] FORM OF ORDER GRANTING FINAL APPROVAL**

The Court having held a Final Approval Hearing on _____, 202_, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Approving Notice Plan and (3) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.      The Settlement Agreement and Release dated Xxxxxxx XX, 2020, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter.  The terms and definitions of this Court's Preliminary Approval Order (Doc. no.___) are also incorporated by reference into this Final Approval Order.

2.      This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Class Members with respect to the Class certified in the Court's order of October 15, 2018, as follows:

Class:
All persons in the Red Dot Data marketing list for whom Yodel's records reflect a telephone call regarding NorthStar's home security systems that lasted more than 30 seconds, that was handled by an agent who applied status code 20 or 50 to the call, and that resulted in the normal clearing disposition.

Subclass:
All persons in the Red Dot Data marketing list for whom Yodel's records reflect a telephone call regarding NorthStar's home security systems that lasted more than 30 seconds, that was handled by an agent who applied status code 50 to the call, and that resulted in the normal clearing disposition.

Excluded from the class are:
Any persons whose contact information is associated with either an IP address or website URL in the Red Dot Data marketing list.

3.      The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiff and Class Representative Robert Braver and Defendant NorthStar Alarm Services, LLC.

4.      The Court hereby finds and concludes that Settlement Notice was disseminated to persons in the Class in accordance with the terms of the Agreement and that the Settlement Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5.      The Court further finds and concludes that the Settlement Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, provided the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Class as contemplated in the Agreement and this Final Approval Order.

6.      There were no objections to the Agreement *or* [For the reasons stated on the record, as well as the reasons set forth in the Parties' respective pleadings, the Court overrules all objections to the Agreement.]

7.      If Applicable [The Court finds that _____ is/are not class members and have no standing to object to the Settlement Agreement.]

8.      The Court hereby finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

2

9.      The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement.  The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards, the Second Distribution, and disposition of any Remaining Funds thereafter.  Should any Remaining Funds be distributed, the Court hereby approves _____ as the *cy pres* recipient.  The Court finds this organization is closely aligned with the Class' interests and/or underlying legal claims.

10.     Pursuant to the Parties' Agreement, NorthStar is hereby enjoined from initiating any telephone call to any telephone line that delivers a prerecorded message and/or using soundboard technology to deliver a prerecorded message where the principal purpose of the telephone call is advertising or marketing NorthStar's products or services, unless the called party has provided prior express written consent to receive such calls. Any telephone call initiated by NorthStar in response to an alarm signal, life safety device signal, PERS signal, tamper signal, communication failure alert, or a telephone call initiated by NorthStar for the purpose of emergency verification or other similar purpose is excluded from this injunction.

11.     This Court hereby dismisses the claims asserted against NorthStar, with prejudice, without costs, except as expressly provided for in the Agreement.  Claims asserted against defendant Yodel Technologies ("Yodel") are not dismissed and remain pending.

12.     As of the Effective Date, Plaintiff and each and every one of the Class Members unconditionally, fully, and finally release and forever discharge the Released

3

Parties from the Released Claims as set forth in the Agreement.  In addition, any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws with respect to the Released Claims will be terminated.

13.     The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by NorthStar, or the truth of any of the claims.  Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.

14.     If for any reason whatsoever this Settlement fails to become effective for any reason, the Parties and the Action will return to the status quo as it existed prior to the Agreement.  No agreements, documents or statements made by or entered into by the Parties in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, NorthStar, or any other person to establish liability, any defense, and/or any of the elements of class certification, whether in the Action or in any other proceeding.

15.     In the event that the Settlement fails to become effective for any reason, monies remaining in the Settlement Fund shall be returned to NorthStar, if at all, only in accordance with Section **19.2** of the Agreement.

16.     In the event that any provision of the Agreement or this Final Approval Order is asserted by NorthStar as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Class Member or any person actually or purportedly acting on

behalf of any Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

17.     By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

18.     Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)     that the Class Settlement confers substantial benefits on the Class Members;

(b)     that the value conferred on the Class is immediate and readily quantifiable (upon this Judgment becoming Final (as defined in the Agreement),

(c)     that Class Members who have submitted valid Claim Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer

Protections Act ("TCPA") and which represent a reasonable payment considering NorthStar's inability to satisfy a judgment for the full amount of damages available under the TCPA;

(d)    that Class Counsel vigorously and effectively pursued the Class Members' claims before this Court in this complex case;

(e)    that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(f)    that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for NorthStar, and was negotiated in good-faith and in the absence of collusion;

(g)    that Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in an amount of up to $_____ and expenses in the amount of up to $____incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

(h)    that _____ member(s) of the Class has (have) submitted written objection(s) to the award of attorneys' fees and expenses[, which are overruled];

(i)    that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); and

(j)    that Class Counsel are hereby awarded $ _____ for attorney fees and $_____ for reimbursed expenses from the balance of the Settlement

Fund, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

19.   The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $_____ for his efforts in this case.  *See Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 468 (10th Cir. 2018) ("courts regularly give incentive awards to compensate named plaintiffs for the work they performed—their time and effort invested in the case").

20.   In accordance with Federal Rule of Civil Procedure 54(b), the Court determines that there is no just reason for delay of entry of a final judgment as to the claims asserted against NorthStar in this action and accordingly directs the Clerk of Court to enter the Final Judgment as to those claims only in the form attached hereto as Exhibit A.  Claims asserted against defendant Yodel will remain pending after entry of the Final Judgment.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated: _____     _____
                                                                        Honorable Stephen P. Friot

**EXHIBIT 3**

**MAIL NOTICE**

Front

<table>
<tr><td>

**Legal Notice**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

**If you received a telemarketing call regarding home security systems, you may be entitled to benefits under a class action settlement.**

This is an official court notice from the United States District Court for the Western District of Oklahoma of a proposed class action settlement in *Braver v. NorthStar Alarm Services, LLC, et al.*, No. 5:17-cv-00383-F. The lawsuit alleges that NorthStar Alarm Services, LLC ("NorthStar") and Yodel Technologies, LLC ("Yodel') violated the Telephone Consumer Protection Act ("TCPA") by directing prerecorded telemarketing calls regarding NorthStar's home security systems to residential telephone numbers. This notice concerns a proposed settlement ("Settlement") with NorthStar only. Claims asserted against Yodel remain pending.

**See reverse side for important details and a summary of your rights**

For more information, visit www.nsalarmtcpaclass.com or call 866-726-1092.

</td><td>

NorthStar TCPA Class Action
Settlement Administrator
c/o KCC Class Action Services
PO Box 30227
College Station, TX 77842-3227
2D

« |||
Postal Service: Please do not mark barcode

YHJ- <<ID#>>-<<CkDig>>

<<FName>> <<LName>>
<<Addr1>> <<Addr2>>
<<City>>, <<State>> <<Zip>>

</td></tr>
</table>

Back

**Why am I getting this Notice?**  The Defendants' call records identify you as someone who may have received one of the telemarketing calls at issue in the case. See the Class Definition at www.nsalarmtcpaclass.com.  If you are unsure if you are a class member or have questions about your legal rights, you may also contact the attorneys for the class at 866-726-1092.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**What does the Settlement Provide?**  NorthStar will pay a total of $1,850,000 into a settlement fund ("Settlement Fund"), which will cover class members' claims, settlement costs, and any attorneys' fees, expenses, service awards, and *cy pres* contributions awarded by the Court.  Settlement Class members who submit valid claim forms ("Claim Form") are estimated to receive a cash award of between $35 to $75.  Plaintiff will petition for a service award not to exceed $20,000 for his work in representing the Class and Class Counsel will petition for fees equal to one third of the Settlement Fund, not to exceed $616,666, plus reasonable expenses.  Northstar has also agreed to an injunction preventing certain telemarketing conduct.

**How can I receive a payment?**  To receive payment, you must submit a valid Claim Form no later than Xxxxxx XX, 202_ either online at www.nsalarmtcpaclass.com, or by calling [INSERT HOTLINE], or by mail postmarked no later than Xxxxxx XX, 202_. If you mail your claim form, it must be sent to the Settlement Administrator at the address on the front of this postcard. You must follow the specific instructions set forth at www.nsalarmtcpaclass.com.

**What if I do nothing?**  If you do nothing, you will not be eligible for payment from NorthStar.  But you will still be bound by the Settlement and you will release NorthStar from liability.

**How can I exclude myself?**  If you wish to exclude yourself from the Class, you must send a letter requesting exclusion to the Settlement Administrator postmarked no later Xxxxxx XX, 202_ at the address on the front of this postcard.  You must follow the specific instructions set forth at www.nsalarmtcpaclass.com.

**How can I object?**  To object to any part of the Settlement, you must file a written objection with the Court by Xxxxxx XX, 202_ and mail a copy to both class counsel and defense counsel. You must follow the specific instructions set forth at www.nsalarmtcpaclass.com.  The Court will hold a hearing on *[MONTH & DAY], 202 __*, at **XX:XX**, to consider whether to approve the Settlement, and the attorneys' fees and expenses requested.  You or your lawyer may ask to appear and speak at your own expense. Further information and instructions are set forth at www.nslarmtcpaclass.com.

# EXHIBIT 4

# PRELIMINARY APPROVAL ORDER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ROBERT H. BRAVER, for himself and all individuals similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 5:17-cv-00383-F |
| NORTHSTAR ALARM SERVICES, LLC, a Utah Limited Liability Company, YODEL TECHNOLOGIES, and DOES 2-10, UNKNOWN INDIVIDUALS, | ) ) ) ) ) | |
| Defendants. | ) | |

**[PROPOSED] FORM OF ORDER**
**PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,**
**APPROVING NOTICE PLAN, AND SETTING FINAL APPROVAL HEARING**

This matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of a settlement (the "Settlement") between the certified class and defendant NorthStar Alarm Services, LLC ("NorthStar") pursuant to a written agreement (the "Agreement") between Plaintiff and Class Representative Robert Braver ("Braver") on the one hand, and NorthStar, on the other (together, the "Parties").  Based on this Court's review of the Agreement and Plaintiff's Motion for Preliminary Approval, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.      <u>Settlement Terms</u>.  Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2.      <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Class.

3.      <u>Scope of Settlement</u>.  The Agreement resolves all claims asserted against NorthStar in the Action.  Defendant Yodel Technologies, LLC ("Yodel") is not a party to the Agreement, and the claims asserted against Yodel are not resolved by the Agreement and remain pending.

4.      <u>Preliminary Approval of Proposed Agreement</u>.  The Court has conducted a preliminary evaluation of the Agreement.  Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable, and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and, (c) with respect to the forms of notice of the material terms of the Agreement to persons in the Class for their consideration (Exs. 1, 3, and 5 to the Agreement), that notice is

appropriate and warranted.  Therefore, the Court grants preliminary approval of the

Settlement.

5.      Class Certification.  The Class is the same class that the Court certified

pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on October

15, 2018, which is defined as follows:

> Class:
> All persons in the Red Dot Data marketing list for whom Yodel's records
> reflect a telephone call regarding NorthStar's home security systems that
> lasted more than 30 seconds, that was handled by an agent who applied status
> code 20 or 50 to the call, and that resulted in the normal clearing disposition.
>
> Subclass:
> All persons in the Red Dot Data marketing list for whom Yodel's records
> reflect a telephone call regarding NorthStar's home security systems that
> lasted more than 30 seconds, that was handled by an agent who applied status
> code 50 to the call, and that resulted in the normal clearing disposition.
>
> Excluded from the class are:
> Any persons whose contact information is associated with either an IP
> address or website URL in the Red Dot Data marketing list.

6.      Class Representative.  Braver shall continue to act as the representative of

the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.      Class Counsel.  Keith Keogh and Timothy Sostrin of Keogh Law, LTD,

and David Humphreys, Luke Wallace, and Paul Catalano of Humphreys Wallace

Humphreys, P.C. shall continue to act as Class Counsel pursuant to Rule 23 of the

Federal Rules of Civil Procedure.

8.      Final Approval Hearing.  At _____ _.m. on _____, 202_, in

Courtroom 401 of the William J. Holloway, Jr. United States Courthouse, 200 N.W. 4th

St., Oklahoma City, OK 73102, or at such other date and time later set by Court Order,

this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiff, should be granted, and in what amount. No later than _____, 202_, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service award to the Plaintiff. No later than _____, 202_, which is fourteen (14) calendar days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

9. _Settlement Claims Administrator_. Kurtzman Carson Consultants ("KCC") is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

10. _Class Notice_. The Court approves the proposed plan for giving notice to the Class directly (using post cards) and through establishment of a Settlement Website, as more fully described in Plaintiffs' Motion and the Agreement ("Notice Plan"). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than _____, 2020 ("Notice Deadline").

11.     The Claims Administrator will file with the Court by no later than

_____, 202_, which is fourteen (14) calendar days prior to the Final Approval

Hearing, proof that notice was provided in accordance with the Agreement and this

Order.

12.     Opt-Out and Objection Deadline.  Persons in the Class who wish to either

object to the Settlement or request exclusion from the Class must do so by _____,

202_, which is sixty (60) calendar days after the Notice Deadline.  Persons in the Class

may not both object and opt-out.  If a person both requests to opt-out and objects, the

request to opt-out will control.

13.     Exclusion from the Class.  To request exclusion from the Class, a person

in the Class must follow the directions in the Class Notice and send a fully completed

request to the Claims Administrator at the address designated in the Class Notice by the

Opt-Out and Objection Deadline.  Exclusion requests must: (i) be signed by the person

in the Class who is requesting exclusion; (ii) include the full name and address of the

person in the Class requesting exclusion; and (iii) include the following statement:

"I/we request to be excluded from the Class in the NorthStar TCPA action."  No request

for exclusion will be valid unless all of the information described above is included.

No person in the Class, or any person acting on behalf of or in concert or participation

with that person in the Class, may exclude any other person in the Class from the Class.

14.     The Claims Administrator will retain a copy of all requests for exclusion.

Not later than fourteen (14) calendar days before the Final Approval Hearing, the

- 5 -

Claims Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

15.     If a timely and valid exclusion request is made by a person in the Class, then the Agreement, and any determinations and judgments concerning the Settlement will not bind the excluded person.

16.     Members of the Class who do not timely and validly exclude themselves will be bound by all determinations and judgments concerning the Settlement.

17.     <u>Objections to the Settlement</u>.  To object to the Settlement, Class Members must follow the directions below and in the Class Notice, and file a written objection with the Court by the Opt-Out and Objection Deadline.  Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (i) Class Counsel – Keogh Law, Ltd., 55 W. Monroe, Ste. 3390, Chicago, Illinois 60603; and (ii) NorthStar's Counsel – Venable LLP, c/o Stephen R. Freeland, 600 Massachusetts Ave., N.W., Washington, D.C. 20001.   In connection with an objection, the Class Member must:

**(A)**     Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member, including providing the Claim ID, full name, address, the telephone number called, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel;

**(B)**     Include a statement of the specific objections; and

**(C)**     State the legal and factual grounds for the objection and attach any documents supporting the objection.

18.     Any Class Member who fails to comply with Paragraph 17 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his or her objections, and will be forever barred from making any objections in the Action or any other related action or proceeding.

19.     For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number, and last name except first letter of last name in order to protect the objector's privacy.  The objector's first name and city, state, and zip code, as well as the objection, will not be redacted.

20.     Stay of Other Proceedings.  Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

21.     Pending the final determination of whether the Settlement should be approved, Plaintiff and all Class Members are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties.  Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated.  Nothing herein will prevent any person in the Class, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s).  This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order,

and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.  This injunction does not apply to proceedings against Yodel and does not apply to any person who requests exclusion from the Class.

22.	If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the Parties and the Action will return to the status quo as it existed prior to the Agreement.  No agreements made by or entered into by NorthStar in connection with the Agreement, including the use of the method to provide notice to the Class, may be used by Class Plaintiff, any Class Member, or any other person to establish any of the elements of class certification in any litigated proceedings, to establish the elements of any claim, or to attempt to refute any defense or position of NorthStar, except in order to enforce this Agreement.

23.	Reasonable Procedures to Effectuate the Settlement.  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary.  The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Class.

24.     <u>Schedule of Future Events</u>.  Accordingly, the following are the deadlines by which certain events must occur:

| _____, 2020<br><br>[21 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
|---|---|
| _____, 202\_<br><br>[30 days after the Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| _____, 202\_<br><br>[60 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| _____, 202\_<br><br>[60 days after the Notice Deadline] | Deadline for  Class Members to Submit a Claim Form (Claim Period) |
| _____, 202\_<br><br>[30 days after the Opt-Out and Objection Deadline] | Deadline for the Claims Administrator and/or the Parties to file the following:<br><br>(1) File List of persons who made timely and proper requests for exclusion (under seal);<br>(2) File Proof of Class Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections. |
| _____, 202\_ at \_\_\_\_ \_.m.<br><br>[No earlier than 115 days from entry of this Order] | Final Approval Hearing |

IT IS SO ORDERED.


Dated:_____        _____
                                       Stephen P. Friot
                                       United States District Judge

**EXHIBIT 5**

**WEBSITE NOTICE**

***Braver v. NorthStar Alarm Services, LLC et al***
**United States District Court for the Western District of Oklahoma**
**Case No. 17-cv-00383-F**

**If you received a telemarketing call regarding home security systems, you may be entitled to benefits under a class action settlement ("Settlement").**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

- **Plaintiff Robert Braver ("Braver") filed a class action lawsuit alleging that defendants NorthStar Alarm Services, LLC ("NorthStar") and Yodel Technologies, LLC ("Yodel") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, (the "TCPA") by placing prerecorded telemarketing calls concerning NorthStar's home security services to residential telephone lines.  On October 15, 2018, the Court certified a class of persons who received the calls at issue ("the Class").**

- **This notice concerns a proposed Settlement between the Class and NorthStar only. Yodel is not a party to the Settlement and the Class Members' claims against Yodel will remain pending.**

- **Pursuant to the proposed Settlement, NorthStar will provide a total of $1,850,000 (the "Settlement Fund") to fully settle and release the Class Members' claims against NorthStar.  The Settlement Fund shall be used to pay all amounts related to the Settlement, including the costs of notice and administration of the Settlement, awards to Class members who submit a valid and timely claim form to receive payment ("Claim Form"), any attorneys' fees and costs to the attorneys representing Plaintiff and the Class ("Class Counsel") that are awarded by the Court, and any service award for Braver that is awarded by the Court.**

- **Class Counsel estimate that Class members who timely submit a valid Claim Form will receive between $35.00 and $75.00, depending on the number of valid claims received.  Monies remaining in the Settlement Fund after these payments are made will be distributed to ___ only if approved by the Court and only if a second distribution is not feasible.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | If you submit a valid Claim Form by Xxxx XX, 202_, you will receive a payment and will give up your rights to sue NorthStar or any other Released Party on a Released Claim.  Claim Forms may be submitted through the Settlement website by clicking [here] or by calling XYZ-XXXXX, or by mail to _____. You must follow the instructions on the Claim Form to receive payment. |

| | |
|---|---|
| EXCLUDE YOURSELF OR "OPT-OUT" OF THE CLASS | If you ask to be excluded from the Class, you will not receive a payment from NorthStar and you cannot object to the Settlement.  This is the only option that allows you to pursue your own claims against NorthStar and/or other released parties in the future.  The deadline for excluding yourself is Xxxx XX, 202_. |
| OBJECT TO THE SETTLEMENT | Write to the Court about why you believe the Settlement is unfair in any respect.  The deadline for objecting is Xxxx XX, 202_.  To obtain a benefit from this Settlement, you must still submit a Claim Form.  If you submit only an objection without a Claim Form, you will not receive any benefit from the Settlement and you will give up your rights to sue NorthStar and/or any other released parties on a released claim. |
| DO NOTHING | If you do nothing, you will not receive any monetary award and you will give up your rights to sue NorthStar and/or any other released parties on a released claim. |
| GO TO THE FINAL APPROVAL HEARING | Ask to speak in Court about the fairness of the Settlement.  To speak at the Final Approval Hearing, you must file a document including your name, address, telephone number and your signature with the Court stating your intention to appear no later than Xxxx XX, 202_. |

- **Your rights and options, and the deadlines to exercise them, are explained further below.  Your legal rights are affected whether you act or don't act.  Read this Notice carefully.**

- **The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.**

## BASIC INFORMATION

The purpose of this Notice is to inform you that a proposed settlement has been reached between the Class and NorthStar.  Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully.  This Notice summarizes the Settlement and your rights under it.

If you received a postcard describing this Settlement, it is because the Defendants' call records indicate that you may have received one of the telemarketing calls at issue and may be a member of the Class.

In a class action, one or more people called Class Representatives (here, Braver) sue on behalf of people who have similar claims. This group is called a Class and the persons included are called Class Members. One court resolves the issues for all of the Class Members, except for those who exclude themselves from the Class. The Honorable Stephen P. Friot, of the United States District Court for the Western District of Oklahoma, is the judge in this action.

Here, Braver claims NorthStar was vicariously liable for Yodel's violations of the TCPA by placing pre-recorded telemarketing calls to the Class Members' residential telephone numbers. NorthStar denies these allegations and denies any claim of wrongdoing. In addition, NorthStar presented evidence in the case indicating that it could not afford to satisfy a multi-million dollar judgment that might be entered against it on the Class Members' claims. Braver and Class Counsel think this Settlement is in the best interest of all persons in the Class.

## WHO IS IN THE CLASS?

The Court certified a Class on October 15, 2018. The Class is defined as:

Class:
All persons in the Red Dot Data marketing list for whom Yodel's records reflect a telephone call regarding Northstar's home security systems that lasted more than 30 seconds, that was handled by an agent who applied status code 20 or 50 to the call, and that resulted in the normal clearing disposition.

Subclass:
All persons in the Red Dot Data marketing list for whom Yodel's records reflect a telephone call regarding Northstar's home security systems that lasted more than 30 seconds, that was handled by an agent who applied status code 50 to the call, and that resulted in the normal clearing disposition.

Excluded from the Class are:
Any persons whose contact information is associated with either an IP address or website URL in the Red Dot Data marketing list.

If you are unsure whether you are included in the Class, you can call the Toll-Free Settlement Hotline, 1-_____, for more information. You may also write to the claims administrator at _____, or you may contact the lawyers who are representing you at _____.

## THE LAWYERS REPRESENTING YOU

The Court has appointed Keith Keogh and Timothy Sostrin of Keogh Law, Ltd. and David Humphreys, Luke Wallace, and Paul Catalano of Humphreys Wallace Humphreys, PC as Class Counsel to represent you and the other persons in the Class. You will not be personally charged by these lawyers.

Class Counsel will ask the Court to approve payment of up to one third of the Settlement Fund, or $616,666.00, for attorneys' fees, plus reasonable expenses. Class Counsel also will ask the Court to approve payment of $20,000 to Braver for his service as Class Representative. The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**Settlement Fund**. NorthStar will pay the total amount of $1,850,000 into the Settlement Fund which will cover: (1) cash payments to Class Members who submit timely and valid Claim Forms; (2) the costs of Class notice and administration of the Settlement; (3) to the extent approved by the Court, an award of attorneys' fees to Class Counsel in an amount up to one third of the Settlement Fund ($616,666.00), plus reasonable expenses (4) to the extent approved by the Court, a service award to Braver, in an amount not to exceed $20,000.00; and (5) under certain circumstances as described below, a charitable contribution for residual money left in the Settlement Fund after the above distributions.

**Cash Payments**. All Class Members are eligible to submit a Claim Form and receive a cash payment. To submit a Claim Form, follow the procedures described below.

**No Portion of the Settlement Fund Will Return to NorthStar.** Any money remaining in the Settlement Fund after paying all valid and timely claims to Class Members, attorneys' fees and costs to Class Counsel, any service award to Braver, and the costs of notice and administration of the Settlement will be paid either: (1) in a second distribution to Class Members who submitted valid and timely Claim Forms and whose initial payments were cashed or who received his or her initial Settlement Award via secure electronic payment; or (2) if there are not enough funds to justify a second distribution, or if there are any remaining funds after the second distribution, the remaining funds will be donated to charitable organization (*Cy Pres*), as approved by the Court. Plaintiff proposes the National Consumer Law Center (NCLC), with the funds earmarked for TCPA-related work. NorthStar proposes the BBB Institute for Marketplace Trust. Ultimately, the Court will decide the Cy Pres recipient. There will only be a second distribution if there are enough funds to pay each Class Member $10.00 or more through a second distribution. No portion of the Settlement Fund will return to NorthStar.

Your share of the Settlement Fund will depend on the number of valid Claim Forms that Class Members submit. Class Counsel estimate that the amount of the cash award (while dependent upon the number of claims) may be within the range of $35.00 to $75.00. **This is an estimate only. The final cash payment amount will depend on the total number of valid and timely claims submitted by Class Members.**

**Injunctive Relief:** NorthStar has also agreed to submit to the Court's entry of an injunction against it. Under the injunction, NorthStar is permanently prohibited from initiating any telephone call to any telephone line that delivers a prerecorded message and/or using soundboard technology to deliver a prerecorded message where the principal purpose of the telephone call is advertising or marketing NorthStar's products or services, unless the called party has provided prior express written consent to receive such calls. Any telephone call initiated by NorthStar in response to an alarm signal, life safety device signal, PERS signal, tamper signal, communication failure alert, or a telephone call initiated by NorthStar for the purpose of emergency verification or other similar purpose is excluded from this injunction.

**THE SETTLEMENT CONSIDERATION – WHAT YOU GIVE UP**

Unless you exclude yourself from the Settlement, you will be part of the Class and will be bound by a release of claims in the Settlement. This means that if the Settlement is approved, the claims that were asserted against NorthStar on your behalf in the action will be resolved. You will not be able to assert any Released Claim against NorthStar or any other Released Party, as those terms are defined in the Settlement agreement. It also means that all of the Court's orders will apply to you and legally bind you.

The full language of the release is set forth in the Settlement agreement. In summary, the release covers all claims that arise out of or relate in any way to the Released Parties' contact or attempt to contact Class Members by placing pre-recorded calls to Class Plaintiff and the Class Members' phones, including, but not limited to, claims under or for a violation of the TCPA and any other statutory or common law claim arising under the TCPA as relative to pre-recorded or auto-dialed calls placed to telephones (collectively, the "Released Claims"). The Released Claims do not include claims asserted against Yodel and Yodel is not a Released Party.

If you have any questions about the Release or what it means, you can speak to Class Counsel for free by calling _____, or you can, at your own expense, talk to your own lawyer.

**HOW TO OBTAIN A PAYMENT**

To receive a payment, you must submit a Claim Form. You may submit a Claim Form on the Settlement Website [click here], or by calling the Toll-Free Settlement Hotline at _____. You may also request a physical copy of the Claim Form by calling the Toll-Free Settlement Hotline at _____, and then submit the completed form by mail to the claims administrator at: _____.
If you are submitting your claim via the Settlement Website or via the Toll-Free Settlement Hotline, it must be submitted no later than Xxxxx XX, 202_. If you are mailing your Claim Form to the claims administrator, it must be postmarked by that date.

**Read the instructions carefully, fill out the form completely and accurately, sign it, and submit it**. To be valid, the Claim Form must (1) contain either a valid Claim ID or a telephone number on the Class List and (2) contain the Class Member's full name, mailing address, and e-mail address (if he or she has one), and (3) must be signed and timely submitted.

**WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?**

The Court will hold a hearing on Xxxxx XX, 202_ to decide whether to approve the Settlement. If the Court approves the Settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.

The Settlement Agreement also requires NorthStar to make installment payments into the Settlement Fund.  Once the Settlement Fund contains funds sufficient to pay (1) Notice and Administration Costs and (2) Settlement Awards for all Approved Claims, the Claims Administrator shall within thirty (30) days pay Notice and Administration costs and send Settlement Awards to all Class Members who submitted an Approved Claim.

Everyone who sends in a Claim Form will be informed of the progress of the Settlement through information posted on the Settlement Website at www.nsalarmtcpaclass.com.  Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue NorthStar or a Released Party regarding any Released Claim, as defined in the Settlement agreement, then you must take steps to get out of the Class.  This is called excluding yourself from, or opting-out of, the Class.

To exclude yourself from the Class, you must mail a written exclusion request to the claims administrator.  To be valid, an exclusion request must:  (i) be signed by the person in the Class who is requesting exclusion; (ii) include the full name and address of the person in the Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the Class in the NorthStar TCPA action."  No request for exclusion will be valid unless all of the information described above is included.  No person in the Class, or any person acting on behalf of or in concert or participation with that person in the Class, may exclude any other person in the Class from the Class.

**To be valid, your exclusion request must be postmarked no later than Xxxxxx XX, 202_, and mailed to the claims administrator at _____.**

**If you ask to be excluded, you will not be able to submit a Claim Form for a Settlement payment and you cannot object to the Settlement.**

**If you do not exclude yourself, you give up any right to sue (or continue to sue) NorthStar or any Released Party concerning any Released Claim as those terms are defined in the Settlement agreement.**

## OBJECTING TO THE SETTLEMENT

If you are in the Class, you can object to the Settlement or any part of the Settlement that you think the Court should reject, and the Court will consider your views.  If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees and costs and/or service award.

To object, you must make your objection in writing, stating that you object to the Settlement in <u>NorthStar TCPA Litigation</u>.  An objection must

> **(A)**   Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member, including providing the Claim ID, full name, address, the telephone number called, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel;
>
> **(B)**   Include a statement of your specific objections; and
>
> **(C)**   State the legal and factual grounds for objection and attach any documents supporting the objection.

In addition, you must:

> **(D)**   File your objection with the Court no later than _____; and
>
> **(E)**   Mail your objection to the following, no later than _____:  (i) Class Counsel – Keogh Law, Ltd., 55 W. Monroe, Ste. 3390, Chicago, Illinois 60603; and (ii) NorthStar's Counsel  - Venable LLP, c/o Stephen R. Freeland, 600 Massachusetts Ave., N.W., Washington, D.C. 20001.

If you object, you may, but do not need to, appear at the Fairness Hearing, either in person or through an attorney hired at your own expense.  If you or your attorney intend to make an appearance at the Fairness Hearing, you must:  (i) file a notice of appearance with the Court no later than twenty (20) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties.

Even if you timely and properly object, to obtain a benefit from this Settlement, you must submit a Claim Form.  If you object but fail to submit a Claim Form, you will not receive any monetary award**.**

Objecting is telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself means that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

If you do nothing, you will not receive any monetary award and you will give up your rights to sue NorthStar and/or any other Released Parties on any Released Claim.  For information relating to what rights you are giving up, see the section above:  The Settlement Consideration – What You Give Up.

## THE FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing at XX:00 a.m. on Xxxxx XX, 202_ at the United States District Court for the Western District of Oklahoma, 200 N.W. 4th Street, Oklahoma City, OK 73102, Courtroom 401. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are valid objections that comply with the requirements above, the Court will consider them.  The Court may also decide how much to pay to Class Counsel and Braver.

Class Counsel will appear at the Final Approval Hearing on behalf of the Class.  But, you are welcome to come, or have your own lawyer appear, at your own expense.

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth above.  If you or your attorney intend to make an appearance at the Fairness Hearing, you must:  (i) file a notice of appearance with the Court no later than twenty (20) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties.   You cannot speak at the hearing if you exclude yourself from the Settlement.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

### GETTING MORE INFORMATION

This notice is only a summary of the proposed Settlement.  You can get a copy of the Settlement agreement by visiting the Settlement Website, www.nsalarmtcpaclass.com, or you can write to the address below or call the Toll-Free Settlement Hotline, _____.  You can also call Class Counsel with any questions at 866.726.1092 or contact them by e-mail at TCPAsettlement@keoghlaw.com.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, NORTHSTAR, OR NORTHSTAR'S COUNSEL ABOUT THE SETTLEMENT. TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE NUMBER ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

**<u>EXHIBIT 6</u>**
**<u>JUDGMENT ORDER</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ROBERT H. BRAVER, for himself and all individuals similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 5:17-cv-00383-F |
| NORTHSTAR ALARM SERVICES, LLC, a Utah Limited Liability Company, YODEL TECHNOLOGIES, and DOES 2-10, UNKNOWN INDIVIDUALS, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] FORM OF JUDGMENT**

The Court having held a Final Approval Hearing on _____, 20__, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Approving Notice Plan and (3) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment as to claims asserted against defendant NorthStar Alarm Services, LLC ("NorthStar") only, it is hereby ORDERED as follows:

1. The claims asserted against NorthStar are hereby Dismissed with Prejudice. The claims asserted against defendant Yodel Technologies, LLC ("Yodel") remain pending;

1

2. Plaintiff, NorthStar, and the Claims Administrator are to effectuate the Settlement Agreement according to its terms;

3. Attorney fees and costs are awarded to Class Counsel in the amount of $_____ to be distributed by the Claims Administrator from the settlement fund.

4. An incentive award is awarded to named Plaintiff Robert Braver, in the amount of $_____to be distributed by the Claims Administrator from the settlement fund.

5. Pursuant to the Parties' Agreement, NorthStar is hereby enjoined from initiating any telephone call to any telephone line that delivers a prerecorded message and/or using soundboard technology to deliver a prerecorded message where the principal purpose of the telephone call is advertising or marketing NorthStar's products or services, unless the called party has provided prior express written consent to receive such calls.  Any telephone call initiated by NorthStar in response to an alarm signal, life safety device signal, PERS signal, tamper signal, communication failure alert, or a telephone call initiated by NorthStar for the purpose of emergency verification or other similar purpose is excluded from this injunction.

Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order and Final Judgment notwithstanding the claims remaining against defendant Yodel and notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment as to claims asserted against defendant NorthStar Alarm Services, LLC only pursuant to Rule 54(b).

Dated: _____

                                      _____

                                       Honorable Stephen P. Friot
                                       United State District Judge