# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBert H. BRAVER, for himself and all individuals similarly situated,<br><br>Plaintiff,<br><br>-vs-<br><br>NORTHSTAR ALARM SERVICES, LLC, a Utah Limited Liability Company, et al.,<br><br>Defendants. | Case No. CIV-17-0383-F |

## ORDER

In the hearing on November 2, 2020 (see courtroom minute sheet, doc. no. 271), the court granted "Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award." Doc. no. 255, supplement at doc. no. 263 (Mr. Braver's affidavit). The purpose of this order is to set out, in writing, the court's reasoning for granting plaintiff's motion. In addition to this order, certain findings of fact and conclusions of law which relate to the court's award but which are of a more general nature than the matters covered here, are included in a separate, written order memorializing final approval of the settlement agreement.

By his motion, plaintiff Robert H. Braver has asked the court to award class counsel attorneys' fees in the amount of $616,666 and expenses in the amount of $69,257.71, for a total award to class counsel of $685,923.71. In addition, plaintiff has asked the court to award him an incentive award for his service to the class in the amount of $20,000. In that regard, the court notes that, at the court's direction, plaintiff supplemented his motion with an affidavit (doc. no. 263) which details his service to the class.

No response to the motion was filed. Any motion that is not opposed may, in the discretion of the court, be deemed confessed. LCvR7.2(g). The court finds it appropriate to deem the motion confessed, and it hereby does so. In addition, the court finds that, for the reasons set forth below, the motion should be granted on its merits.

## I.  Attorneys' Fees

Prior to the hearing, the court had entered an order preliminarily approving an agreement between Braver and NorthStar.[1] The agreement which was preliminarily approved provided the class with injunctive relief and with a common fund of $1,850,000. Class counsel has estimated that each class member who submits a timely claim will receive between $35 and $75 from the common fund, and that no money will revert back to NorthStar.

The Tenth Circuit distinguishes statutory fee cases in which attorneys' fees are provided for by statute, from common fund cases in which there is no statutory basis for an award of fees. This class action was brought under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. The TCPA does not include an attorneys' fee provision. Plaintiff asks the court to use the common fund approach to fees and to award attorneys' fees in the amount of $616,666, which is one-third of the common fund. In cases, like this one, that are not in federal court on diversity jurisdiction,[2] the Tenth Circuit has expressed a preference for using a percentage of the fund method of calculating attorneys fees in common fund cases arising under federal law. Gottlieb v. Barry, 43 F.3d 474, 483 (10th Cir. 1994), citing Uselton v. Commercial Lovelace Motor Freight, Inc., 9 F.3d 849 (10th Cir. 1993). Accordingly, the court will take that approach here.

---

[1] The other defendant, Yodel Technologies, LLC, is in bankruptcy.

[2] Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P., 888 F.3d 455 (10th Cir. 2017), held that state law, rather than federal law, applies to determine an award of attorney fees in common-fund class action cases that are in federal court on diversity jurisdiction.

Even under the common fund method, the twelve factors originally developed for statutory fee determinations in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), must be considered. Gottlieb at 483. This has been called a hybrid approach, combining the percentage fee method with the specific factors traditionally used to calculate the lodestar. Gottlieb, 43 F.3d at 483. The Johnson factors are as follows.

> The 12 Johnson factors are: [1] the time and labor required, [2] the novelty and difficulty of the question presented by the case, [3] the skill requisite to perform the legal service properly, [4] the preclusion of other employment by the attorneys due to acceptance of the case, [5] the customary fee, [6] whether the fee is fixed or contingent, [7] any time limitations imposed by the client or the circumstances, [8] the amount involved and the results obtained, [9] the experience, reputation and ability of the attorneys, [10] the "undesirability" of the case, [11] the nature and length of the professional relationship with the client, and [12] awards in similar cases. *Johnson,* 488 F.2d at 717–19.

Gottlieb, 43 F.3d at 482, n.4.

As set out below, the court agrees with plaintiff that these factors support the requested fee award.

Factors one and four: time and labor required, and preclusion of other employment. For the more than three years since it was filed in April of 2017, plaintiff's progress in this action has been hard fought and hard won. Plaintiff has undertaken extensive discovery, including discovery into the nature of the telemarketing campaign, which required plaintiff's counsel to discover and analyze voluminous call data and lead data. *See, e.g.*, doc. no. 255-3, ¶ 16 (declaration of plaintiff's counsel regarding extensive work and discovery involving voluminous call data reflecting calls made to the class, and voluminous lead data reflecting persons to whom the calls were made). There have been a number of motions. Two evidentiary hearings have been held, both with expert witnesses. After this court

3

certified the class, there was an interlocutory appeal to the Tenth Circuit Court of Appeals. There have been all-day mediations and additional settlement negotiations. This action has also prompted related proceedings before the Federal Communications Commission. In addition, the firms representing plaintiff state that they are small firms with limited staff, and that this case diverted their time and resources from other matters, and impacted their ability to accept other work. Factors one and four weigh in favor of the requested fee award.

Factors 2 and 3: novelty and difficulty of questions presented, and the skill required to perform legal services properly. This action has presented novel and difficult questions of law. For example, as far as the court knows, this is the first case to grant class certification in a TCPA case involving soundboard technology, and it is the first case to decide issues on the merits regarding whether soundboard technology is regulated by the TCPA. In addition, this action presented questions regarding NorthStar's vicarious liability for Yodel's conduct. Difficult questions were also presented concerning whether damages provided for by the TCPA would violate due process under the circumstances. (After an evidentiary hearing on NorthStar's motion to reduce damages, and before a ruling on that motion, Mr. Braver and NorthStar reached the settlement agreement that has been preliminarily approved by the court.) Factors two and three weigh in favor of the requested fee award.

Factors 5, 6 and 12: customary fee, whether the fee is fixed or contingent, and awards in similar cases. Other courts within the Tenth Circuit have stated that the customary fee to class counsel in a common fund settlement case is one-third of the fund. *See*, *e.g.*, In re Anadarko Basin Oil & Gas Lease Antitrust Litig., 2019 WL 1867446, *2 (W.D. Okla. April 25, 2019). Plaintiff cites numerous district court orders for the proposition that the one-third-of-the-fund measure has also been

applied in numerous TCPA cases. Doc. no. 255, pp. 10-11.[3] The fee arrangements in this case were contingent and permitted counsel to apply to the court for fees up to 40% of the common fund in the event such a fund was established. Doc. no. 255-3, ¶ 24. Given the contingent fee arrangement, plaintiff's counsel has had to advance significant time and expenses (including issuing notice to the class) despite the risk that plaintiff might not prevail. Factors five, six and twelve weigh in favor of the requested fee.

<u>Factors seven and ten: time limitations imposed by the circumstances, and the undesirability of the case.</u> As far as time limitations, it benefitted plaintiff to press this action as urgently as possible. It was always possible that the FCC could have revised its regulations to exclude the soundboard technology at issue in this case. In addition, it is also possible that defendants named in this type of action will go out of business or declare bankruptcy (as Yodel did, in fact, during the pendency of this action). As for the undesirability of the case, the court is not aware of any social factors that made it undesirable for plaintiff to bring this action. However, certain economic risks were present, such as the risk that discovery might show only a few people received the calls in issue, or that most of the people in the potential class consented to receive the calls. The seventh and tenth factors weigh in favor of the requested fee award.

<u>Factor eight: the amount involved and the results obtained.</u> The monetary relief which the parties' agreement (assuming it is approved by the court) will provide to the class members is significant, especially in light of NorthStar's financial condition. Plaintiff expects that each class member who submits a claim is likely to receive a pro rata share of the settlement fund in an amount equal to between $35 and $75. Plaintiff cites numerous cases to show that this amount is in line with payments secured in other TCPA class action settlements. Doc. no. 255,

---

[3] This order cites documents by their original (not ecf) page numbers.

pp. 15-16. Plaintiff describes the settlement agreement as providing injunctive relief to the class, prohibiting NorthStar from using soundboard technology and other prerecorded messages in any unsolicited telemarketing calls. In addition, the result obtained by plaintiff is notable given NorthStar's significant financial difficulties, making NorthStar unable to fund a multimillion dollar judgment. Plaintiff states that notice has been given to the class of the agreement, including notice that class representative's counsel would seek an award of attorneys' fees equal to one-third of the common fund plus expenses, and that as of the filing of the motion no member of the class has objected. Doc. no. 255, p. 17. The eighth factor weighs in favor of the requested fee award.

Ninth and Eleventh Factors: the experience, reputation and ability of plaintiff's counsel, and the nature and length of counsel's relationship with the client. Plaintiff's counsel have provided biographical material which shows their experience, reputation and ability to handle TCPA cases such as this one. They have represented Mr. Braver since the inception of this action, and there is no familial or other relationship between counsel and Mr. Braver. The ninth and eleventh factors support the fee award.

The court finds and concludes that the Johnson factors support the fee award of $616,666, which, as one-third of the monetary relief available to the class, is a fair and reasonable fee in the circumstances of this action.

## II. Expenses

In addition, the court finds that the requested expenses for which counsel seeks reimbursement in the amount of $69,257.71 are justified. Rule 23(h), Fed. R. Civ. P., authorizes an award of nontaxable costs in a class action, providing that "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Here, the expenses for which reimbursement is requested are detailed in the attachments to the motion, and consist of the types of expenses routinely charged to paying clients in

the marketplace. *See*, Wallace Declaration, doc. no. 255-1, ¶¶ 24-27 (with supporting exhibit at doc. no. 255-2); and Sostrin Declaration, doc. no. 255-3, ¶ 13 (including itemization). The court finds that they are expenses which are properly reimbursed under Rule 23.

### III. Incentive Award

Finally, the court addresses the incentive fee of $20,000 requested by Mr. Braver. Movants argue that the incentive award is consistent with amounts awarded in other cases (see cases cited by movants at doc. no. 255, pp. 20-21), and, more importantly, that the award is well justified here.

An incentive award is justified when necessary to induce individuals to become named representative. UFCW Local 880--Retail Food Employers Joint Pension Fund v. Newmont Mining Corp., 352 Fed. Appx. 232, 235 (10th Cir. 2009), unpublished, citing authorities. Moreover, a class representative may be entitled to an award for personal risk incurred or additional effort and expertise provided for the benefit of the class. The court will address these considerations in reverse order.

#### A. Additional effort and expertise provided by Mr. Braver

As for the additional effort and expertise provided by Mr. Braver for the benefit of the class, the court finds, based on its familiarity with this matter, that Mr. Braver performed his duties ably as class representative, including in his testimony before the court.

In addition, plaintiff's counsel have presented evidence describing the quality and quantity of services which Mr. Braver provided to the class. The Wallace Declaration, doc. no. 255-1, ¶ 29, states as follows.

> 29. Mr. Braver took an active role in the prosecution of this litigation including reviewing and commenting on briefing and evidence, actively participating in mediations and settlement negotiations, performed well when called on to provide testimony at a deposition and before this court during the hearing on class certification, and attending hearings even when his presence was not

7

> required. Mr. Braver's efforts were helpful and meaningful factor in the results obtained in this matter.

The Sostrin declaration, doc. no. 255-3, ¶¶ 26-27, is similar.

> 26. I witnessed Mr. Braver provide[] excellent service to the class in his role as class representative in this case. I believe he performed well in his deposition, and in his testimony before the Court at the evidentiary hearing on class certification. I also know that Mr. Braver took the time [to] attend several other court hearings, even though his presence was not required.
>
> 27. I also personally witnessed Mr. Braver take an active role in settlement negotiations on behalf of the class, and know that he rejected a substantial individual settlement offer that would have benefitted him financially at the expense of the class.

Mr. Braver has also submitted his own, detailed affidavit, breaking down the services he rendered to the class and estimating the number of hours he spent in rendering those services.[4] The affidavit shows that Mr. Braver has spent approximately 213.5 hours directly on this matter. Doc. no. 263, ¶ 6 (subparagraph letter "o"). The declaration details the time Mr. Braver spent reading and reviewing filings, conferring with class counsel, participating in settlement discussions, researching marketing issues regarding alarm systems, responding to discovery requests, testifying at his deposition and at the hearing on the motion to certify a class, attending phone and in-person mediations, attending court hearings, etc. *Id*. at ¶ 6 sub-paragraphs a-o. Furthermore, dividing the requested incentive fee by the number of hours that Mr. Braver performed beneficial services for the class, renders

---

[4] *See generally*, Chieftain Royalty, 888 F.3d at 467-70. Although Chieftain applied Oklahoma law (it was a diversity case) its discussion of the incentive award is instructive. The court examined whether the incentive award to Chieftain could be justified as payment at a reasonable rate for reasonable time expended on services that were helpful to the litigation and that did not duplicate what could be performed less expensively by counsel. *Id*. at 469. The court stated that evidence on that issue may be submitted by affidavits from class counsel or from class representatives, as well as by other means. *Id*.

an hourly rate of approximately $93.68 per hour.  (20,000 ÷ 213.5 = 93.68)  The court finds that the requested incentive award of $20,000 is justified as payment at a reasonable rate for reasonable time expended on services which were helpful to the litigation and which could not have been performed more inexpensively by class counsel.

### B.  Personal Risk Assumed by Mr. Braver

As for the personal risk assumed by Mr. Braver, his declaration states that he rejected an individual settlement in the amount of $150,000.00 which would have beneficial to him but which would have left the class without a representative plaintiff.  *Id*. at ¶ 5.  Mr. Braver rejected that offer, and went on to render the extensive services detailed in his affidavit, all at the risk that a positive result might not be achieved for him or for the class.  Furthermore, the risk to Mr. Braver of serving as representative was particularly substantial in this case because this case presented a number of novel legal issues which could have been determined in any number of ways.

### C.  Inducing Individuals to Serve

The motion and Mr. Braver's declaration do not present evidence about any attempts to recruit other named plaintiffs to represent the class.  But the court will note that as a general proposition, the amount of statutory damages available to a class member under the TCPA would not be enough to induce a person to become a class representative in this complex case.  Thus, awarding an incentive in this case serves the general purpose of incentive awards, which is to induce individuals to become a named representative.

### D.  Summary

Given Mr. Braver's time and effort invested in this case for the benefit of the class and his performance in that role, given the risk to him that despite that time and effort he might have recovered nothing in this action for either himself or the class, and given the general purpose of incentive awards, the court finds that Mr.

Braver's requested incentive award of $20,000—to which neither NorthStar nor any members of the class have stated any objection—is justified.

## IV.  Conclusion

After careful consideration, "Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award" is **GRANTED** as follows.

As requested in Mr. Braver's motion, attorneys' fees and costs are **AWARDED** to class counsel for the plaintiffs in the total amount of $685,923.71 (representing an award of attorneys' fees in the amount of $616,666.00 and an award of $69,257.71 for expenses).

In addition, plaintiff Robert H. Braver is **AWARDED** an incentive award for his service to the class in the amount of $20,000, to be distributed by the claims administrator from the settlement fund.

IT IS SO ORDERED this 3rd day of November, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0383p073.docx