**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT H. BRAVER, for himself and all individuals similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 5:17-cv-00383-F<br>) |
| NORTHSTAR ALARM SERVICES, LLC, a Utah Limited Liability Company, YODEL TECHNOLOGIES, and DOES 2-10, UNKNOWN INDIVIDUALS, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**<u>ORDER GRANTING FINAL APPROVAL</u>**

The Court having held a Final Approval Hearing on June 25, 2021, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Approving Notice Plan and (3) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Settlement Agreement and Release dated November 24, 2020, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (Doc. no. 278) are also incorporated by reference into this Final Approval Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Class Members with respect to the Class certified in the Court's order of October 15, 2018, as follows:

<u>Class</u>:
All persons in the Red Dot Data marketing list for whom Yodel's records reflect a telephone call regarding NorthStar's home security systems that lasted more than 30 seconds, that was handled by an agent who applied status code 20 or 50 to the call, and that resulted in the normal clearing disposition.

<u>Subclass</u>:
All persons in the Red Dot Data marketing list for whom Yodel's records reflect a telephone call regarding NorthStar's home security systems that lasted more than 30 seconds, that was handled by an agent who applied status code 50 to the call, and that resulted in the normal clearing disposition.

<u>Excluded from the class are</u>:
Any persons whose contact information is associated with either an IP address or website URL in the Red Dot Data marketing list.

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiff and Class Representative Robert Braver and Defendant Yodel Technologies, LLC ("Yodel").

4. The Court hereby finds and concludes that Settlement Notice was disseminated to persons in the Class in accordance with the terms of the Agreement and that the Settlement Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Settlement Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, provided the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Class as contemplated in the Agreement and this Final Approval Order.

6. There were no objections to the Agreement *or* [For the reasons stated on the record, as well as the reasons set forth in the Parties' respective pleadings, the Court overrules all objections to the Agreement.]

7. No class members have objected to the Settlement Agreement.

8. The Court hereby finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

9. The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards, the Second Distribution, and disposition of any Remaining Funds thereafter. Should any Remaining Funds be distributed, the Court hereby approves National Consumer Law Center as the *cy pres* recipient. The Court finds this organization is closely aligned with the Class' interests and the underlying legal claims.

10. Pursuant to the Parties' Agreement, Yodel is hereby enjoined from initiating any telephone call to any telephone line that delivers a prerecorded message and/or using soundboard technology to deliver a prerecorded message where the principal purpose of the telephone call is advertising or marketing, unless the called party has provided prior express written consent to receive such calls.

11. This Court hereby dismisses the claims asserted against Yodel, with prejudice, without costs, except as expressly provided for in the Agreement. Claims asserted against defendant NorthStar Alarm Services, LLC ("NorthStar") are unaffected by this dismissal.

12. As of the Effective Date, Plaintiff and each and every one of the Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as set forth in the Agreement. In addition, any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws with respect to the Released Claims will be terminated.

13. The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Yodel, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.

14. If for any reason whatsoever this Settlement fails to become effective for any reason, the Parties and the Action will return to the status quo as it existed prior to the Agreement. No agreements, documents or statements made by or entered into by the Parties in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, Yodel, or any other person to establish liability, any defense, and/or any of the elements of class certification, whether in the Action or in any other proceeding.

15. In the event that the Settlement fails to become effective for any reason, monies remaining in the Settlement Fund shall be returned to Yodel, if at all, only in accordance with Section **19.2** of the Agreement.

16. In the event that any provision of the Agreement or this Final Approval Order is asserted by Yodel as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or

proceeding brought by a Class Member or any person actually or purportedly acting on behalf of any Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

17. By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

18. Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a) that the Class Settlement confers substantial benefits on the Class Members;

(b) that the value conferred on the Class is immediate and readily quantifiable (upon this Judgment becoming Final (as defined in the Agreement),

(c) that Class Members who have submitted valid Claim Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protections Act ("TCPA") and which represent a reasonable payment considering Yodel's inability to satisfy a judgment for the full amount of damages available under the TCPA;

(d) that Class Counsel vigorously and effectively pursued the Class Members' claims before this Court in this complex case;

(e) that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(f) that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for Yodel, and was negotiated in good-faith and in the absence of collusion;

(g) that Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in an amount of up to $583,333.33 and expenses in the amount of up to $12,287.00 incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

(h) that no Class Members have filed objections to the proposed award of attorneys' fees and expenses;

(i) that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); and

(j) that Class Counsel are hereby awarded $583,333.33 for attorney fees and $12,287.00 for reimbursed expenses from the balance of the Settlement Fund, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

19. The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $10,000 for his efforts in this case. *See Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 468 (10th Cir. 2018) ("courts regularly give incentive awards to compensate named plaintiffs for the work they performed—their time and effort invested in the case").

20. In accordance with Federal Rule of Civil Procedure 54(b), the Court determines that there is no just reason for delay of entry of a final judgment as to the claims asserted against Yodel in this action and accordingly directs the Clerk of Court to enter the Final Judgment as to those claims only in the form attached hereto as Exhibit A.

**IT IS SO ORDERED, ADJUDGED AND DECREED this 29th day of June, 2021.**

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0383p080.PO (order granting final approval).docx